## LEHKER v. JOYCE.

(Court of Appeals of District of Columbia. Submitted February 10, 1921. Decided June 6, 1921.)

### No. 3436.

1. **Appeal and error &⟶171(1)—Case determined without reference to statute of which neither party claimed benefits below.**

   In proceedings by a landlord to recover possession of the premises from a tenant, in which neither party claimed the benefit of the Ball Act, but each proceeded irrespective of it, and in the assignment of errors it was not claimed that the court erred in not applying that act, the case must be disposed of on appeal without reference to the act.

2. **Landlord and tenant &⟶303(5)—Delay in filing affidavit of merits defeats landlord's right to summary relief.**

   Rule 19 supplies a summary remedy, and he who seeks its benefit must comply with its terms, so that an affidavit of merits, not filed until after the expiration of 10 days after the cause was docketed and summons served, does not entitle the landlord to the benefit of the rule.

Appeal from the Supreme Court of the District of Columbia.

Action by Elizabeth Moore Joyce, begun in the municipal court, to recover from Mrs. G. H. Lehker possession of certain described premises. From a judgment of the Supreme Court, after appeal to that court, for the landlord, the tenant appeals. Reversed and remanded, with directions to grant a new trial.

Bruce L. Casteel, of Washington, D. C., for appellant.

George A. Maddox, of Washington, D. C., for appellee.

SMYTH, Chief Justice. Joyce instituted an action in the municipal court to recover from Lehker possession of certain described premises and obtained a judgment awarding her what she sought. Lehker brought the case to the Supreme Court of the District for a trial de novo, docketing it and causing summons to be served on Joyce on the 12th of March. Joyce, attempting to avail herself of the nineteenth rule, filed her affidavit of merit on the 25th of March, and prayed for judgment. The affidavit states, among other things, that Lehker in the municipal court challenged the sufficiency of the notice to quit and that this challenge was the only thing offered by way of defense. It further says that she "suggested reference to the Rent Commission on the sufficiency and accuracy of the 30 days' notice," but that counsel for Lehker opposed the reference, and then that the trial proceeded.

In her affidavit of defense Lehker objected to the entry of judgment under rule 19, for the reason that Joyce's affidavit was not filed in time, denied that notice to quit was served upon her, denied that Joyce bona fide desired the premises for her own use, and asserted that she was advised that she was not required to controvert what was said in the affidavit of merit concerning the evidence given in the municipal court. Affidavits in support of Joyce's affidavit of merit were filed by her. Lehker moved to strike those affidavits, on the ground that they were not proper, under rule 19. No action was taken on this motion, but leave was granted Joyce to file a supplemental affidavit of merit and to amend her motion for judgment. Then Lehker, in pursuance of leave granted filed a supplemental affidavit of defense. Ruling that the Lehker affidavits of defense were not sufficient, the court entered judgment for Joyce.

In no place did either party claim the benefit of the Ball Act. Act Oct. 22, 1919, c. 80, 41 Stat. 298. Each proceeded irrespective of it. In the assignment of errors it is not claimed that the court erred in not applying that act. Therefore the case must be disposed of without reference to the act.

Rule 19 supplies a summary remedy, and he who seeks its benefit must comply with its terms. The affidavit of merit was not filed until 13 days after the case was docketed and summons served. The rule says it must be filed within 10 days after the doing of these things. The objection that it was not filed in time to give Joyce the benefit of the rule was properly made. It should have been sustained, and Joyce's motion for judgment overruled. For this error the judgment must be

reversed, at the cost of Joyce, and the case remanded, with directions
to grant a new trial; and it is so ordered.

Reversed.

Mr. Justice STAFFORD, of the Supreme Court of the District of
Columbia, sat in the place of Mr. Justice ROBB in the hearing and de-
termination of this appeal.