### KILLGORE v. ZINKHAN.

(Court of Appeals of the District of Columbia. Submitted February 7, 1921. Decided June 6, 1921.)

#### No. 3414.

Constitutional law ⊚⇒318—Landlord and tenant ⊚⇒278½, New, vol. 11A Key-No. Series—Statute making rent commission's findings final, except on appeal, is constitutional.

The provision of Ball Act, §§ 106, 108, making the findings of the rent commission, from which no appeal was taken, final and conclusive, is constitutional since the act provides for a hearing after notice, and for an appeal from the commission's decision, which satisfies the guaranty of Const. Amend. 5, against deprivation of property without due process of law.

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the Supreme Court of the District of Columbia.

Proceeding by M. Alice Zinkhan, as landlord, against Emma Killgore, as tenant. Judgment for the landlord, and the tenant appeals. Affirmed.

R. B. Dickey and Robt. T. Lang, both of Washington, D. C., for appellant.

Andrew Wilson, of Washington, D. C., for appellee.

SMYTH, Chief Justice. This is a landlord and tenant case. Zinkhan brought action in the municipal court against Killgore to recover possession of certain real estate. Objection having been made to the court's proceeding until the rent commission, provided for under the Act of October 22, 1919 (41 Stat. 298), known as the "Ball Act," had passed upon the question as to whether Zinkhan was entitled to possession, the case was continued to await the commission's determination. The commission ruled in favor of Zinkhan, and from its action no appeal was taken. Afterwards the case was called for trial before the municipal court, and the decision of the commission offered and received in evidence. Basing its action on the decision of the commission, the court rendered judgment for Zinkhan. From this judgment Killgore appealed to the Supreme Court of the District, where Zinkhan, in accordance with rule 19 of that court, filed an affidavit of merit setting forth, as we have given them, the proceedings before the municipal court, and asking for judgment. To this Killgore interposed her affidavit of defense, in which she averred that the notice to quit served on her was defective, that the provision of the Ball Act making the findings of the commission obligatory upon the court was unconstitutional and void, and that there was no trial before the municipal court because it refused to consider any of the questions raised by her and based its judgment wholly and exclusively on the determination of the commission. The court held the affidavit insufficient and gave judgment for the landlord, Zinkhan, from which Killgore appeals.

According to the Ball Act the determination of the commission is made "final and conclusive" unless an appeal to this court is taken within 10 days after the filing of the determination. Section 108. We have seen that Killgore did not appeal from the commission's determination. Section 106 says:

"In any suit in any court of the United States or the District of Columbia involving any question arising out of the relation of landlord and tenant with respect to any rental property, apartment, or hotel, except on appeal from the commission's determination as provided in this title, such court shall determine the rights and duties of the parties in accordance with the determination and regulations of the commission relevant thereto."

This was obeyed by the trial court.

In Hirsh v. Block, 255 U. S. ——, 41 Sup. Ct. 458, 65 L. Ed. ——, decided by the Supreme Court of the United States April 18, 1921, the Ball Act was held constitutional in all its parts. It was there urged, as Killgore urges here, that the act was invalid in so far as it deprived the parties of a trial by jury on the right to possession of the land, but the court was not persuaded. The act provides for a hearing after notice,

before the commission, and, as we have just seen, an appeal from the commission's decision. This satisfies the constitutional guaranty (Fifth Amendment) against deprivation of property without due process. San Diego Land & Town Co. v. National City, 174 U. S. 739, 19 Sup. Ct. 804, 43 L. Ed. 1154; Spring Valley Water Works v. San Francisco, 82 Cal. 286, 22 Pac. 910, 1046, 6 L. R. A. 756, 16 Am. St. Rep. 116; Louisville & N. R. Co. v. Garrett, 231 U. S. 298, 34 Sup. Ct. 48, 58 L. Ed. 229.

The place for Killgore to present her contention that the notice to quit was insufficient was before the commission. We do not know what course she took there in that regard. But that is immaterial. If she raised the point, it was overruled; if she did not, she lost her opportunity. In either case she is bound by the commission's action.

The judgment of the Supreme Court is affirmed, at the cost of the appellant.

Affirmed.

Mr. Justice STAFFORD, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.