### SMITH v. PYNE et al.

(Court of Appeals of District of Columbia. Submitted February 10, 1921. Decided June 6, 1921.)

No. 3446.

1. **Landlord and tenant ☞278½, New, vol. 11A Key-No. Series—Municipal court cannot proceed over objection of pending proceedings before rent commission.**

   The provisions of the Code giving municipal courts jurisdiction to determine controversies between landlord and tenants respecting possession of real estate must be construed in connection with the provisions of the Ball Act, and, though the municipal court may determine such controversies on the evidence before it, in the absence of objection, it cannot proceed to determination when objection is made that proceedings were pending before the rent commission under the Ball Act.

2. **Landlord and tenant ☞278½, New, vol. 11A Key-No. Series—Determination of rent commission is conclusive in municipal court proceedings against tenant.**

   The determination by the rent commission under the Ball Act is conclusive in a suit in the municipal court between a landlord and tenant, and no other evidence is permissible.

Appeal from the Supreme Court of the District of Columbia.

Suit by Norvell C. Pyne and another against Claude R. Smith to recover possession of premises. From a judgment for plaintiffs on appeal from the municipal court, defendant appeals. Reversed and remanded.

Raymond M. Hudson, of Washington, D. C., for appellant.
Andrew Wilson, of Washington, D. C., for appellees.

SMYTH, Chief Justice. The Pynes sued in the municipal court to recover possession from Smith of premises which they claimed the latter held without right, and recovered a judgment for what they desired. Smith appealed to the Supreme Court. Within the time allowed by law the Pynes filed an affidavit of merit and asked for judgment under the nineteenth rule. Smith, by plea and his affidavit of defense, set forth that the Pynes had instituted a proceeding before the rent commission for the same cause of action as that pleaded in this case, and that the proceeding was still pending and undetermined, and for that reason he challenged the jurisdiction of the court to advance until the commission had disposed of it. His challenge was overruled, and the motion for judgment sustained. He appeals.

[1, 2] We think the court could not rightly enter judgment, except upon the determination of the rent commission (Killgore v. Zinkhan, —— App. D. C. ——, 274 Fed. 140, this day decided), and that Smith sufficiently raised the point. The provisions of the Code giving the municipal court jurisdiction to hear and determine controversies between landlords and tenants respecting the possession of real estate must be construed in connection with the pertinent provisions of the Ball Act (41 Stat. 298). They are in pari materia. The municipal court has jurisdiction over the subject-matter, and with the proper parties before it may hear and determine all controversies relating to the subject on such evidence as may be adduced, when no objection is made; but when objection is made to the effect that the court cannot proceed, except upon the determination of the rent commission under the Ball Act, it must suspend proceedings until that determination is presented in evidence. When it is presented, the court must accept it as conclusive and pronounce judgment according to it. No other evidence is permissible. Killgore v. Zinkhan, ante.

For the error pointed out, the judgment is reversed, at the cost of the appellee, and the case remanded for further proceedings.

Reversed.

Mr. Justice STAFFORD, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.

---

⚮For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes