### DAVIS v. COOKSEY et al.

(Court of Appeals of District of Columbia. Submitted February 10, 1921. Decided June 6, 1921.)

No. 3429.

Landlord and tenant ☞273½, New, vol. 11A Key-No. Series—Finding of rent commission, not appealed from, is conclusive in the courts.

The finding of the rent commission in a controversy between landlord and tenant, from which no appeal was taken as provided by the terms of the Ball Act, is final and conclusive in the courts.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the Supreme Court of the District of Columbia.

Landlord and tenant proceeding by Rena Cooksey and another against Charles S. Davis. From a judgment for plaintiffs on the insufficiency of the affidavit of defense, defendant appeals. Affirmed.

Raymond M. Hudson, of Washington, D. C., for appellant.

Chapin B. Bauman, of Washington, D. C., for appellees.

VAN ORSDEL, Associate Justice. This is a landlord and tenant proceeding, in which the landlords, Rena Cooksey and Blanche E. Cooksey, hereafter referred to as plaintiffs, brought an action before the rent commission against the tenant, Davis, to recover possession of the property in question. An order for possession was made by the commission. Plaintiffs then brought an action in the municipal court, offering in support thereof the finding of the rent commission. From a judgment in their favor the case was taken to the Supreme Court of the District for trial de novo.

In the affidavit of merit, plaintiffs averred that they were the owners of the property in fee simple; that they had purchased it for their own bona fide use and occupancy as a home; that Davis occupied the premises at the time as a tenant by sufferance; that a 30-day notice to quit had been given, as required by law, and that the proceedings in the municipal court had been suspended to await the order of the rent commission before final action was taken.

. In the affidavit of defense, defendant Davis contended that the order of the rent commission was only prima facie evidence of plaintiffs' right to possession, which might be refuted before a jury. The notice was served on November 28, 1919, and expired on December 28; but plaintiffs admitted in their affidavit of merit that they accepted rent up to December 31, 1919.

Plaintiffs, under rule 19 of the Rules of Practice of the Supreme Court of the District, moved for judgment upon the insufficiency of the affidavit of defense. The court sustained the motion, and from the judgment the case is here on appeal.

The failure to appeal from the finding of the rent commission, as provided by the terms of the Ball Act (41 Stats. 298), rendered the finding final and conclusive in the courts. This is sufficient to support the judgment, and the other defenses, including the effect of the receipt of rent for a period extending beyond the expiration of the notice, are not available. The case is ruled by Killgore v. Zinkhan, —— App. D. C. ——, 274 Fed. 140, this day decided.

The judgment is affirmed, with costs.

Affirmed.

Mr. Justice STAFFORD, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.