## HAYDEN v. FILIPPONE et al.

(Court of Appeals of District of Columbia.    Submitted January 5, 1922.  Decided February 6, 1922.)

### No. 3509.

1. **Landlord and tenant ⊙⟶278½, New, vol. 11A Key-No. Series—Ball Act does not affect court's jurisdiction, but is a rule of evidence.**

    The Ball Rent Act, making the finding of the rent commission conclusive as to the right of a tenant in possession, merely changed the rule of evidence, and did not affect the jurisdiction of the municipal court over the subject-matter of an action between a landlord and tenant, and if neither party invoked the Ball Act the court could proceed as effectively as if the act had never been passed, so that the tenant cannot question in the Court of Appeals the sufficiency of the notice to quit under the Ball Act, after failing to raise that question in either of the lower courts.

2. **Landlord and tenant ⊙⟶120(2)—Notice to tenants by sufferance held sufficient under the Code.**

    Under Code of Law 1901, § 1221, providing that a tenancy by sufferance may be terminated by a notice to quit on the thirtieth day after day of service, a notice at the end of 30 days from the date of service is sufficient, since it gave the tenant at least full 30 days, and if it could be construed as giving more than 30 days that would not affect its validity.

Appeal from the Supreme Court of the District of Columbia.

Suit by Rocco Filippone and another against James R. Hayden to recover premises from the defendant as a tenant at sufferance. Judgment for the plaintiffs in the Supreme Court of the District, on appeal from the municipal court, and defendant appeals. Affirmed.

P. H. Marshall, of Washington, D. C., for appellant.

C. V. Imlay and G. W. Offutt, Jr., both of Washington, D. C., for appellees.

SMYTH, Chief Justice. The Filippones filed a complaint in the municipal court, in which they alleged that their grantors had rented the described premises to Hayden as a tenant at sufferance, that they had served 30 days' notice on him to vacate the property, and that he had refused to do so. The municipal court gave them judgment, and Hayden appealed to the Supreme Court of the District. As provided by the nineteenth rule of that court, the Filippones filed an affidavit of merit, which set up the facts on which they based their action. A copy of the notice served on Hayden was attached to the affidavit as an exhibit. The affidavit recited that the building occupied by Hayden was badly in need of repairs, that they desired to remodel it, and that Hayden was notified to quit "at the end of 30 days from" the service of the notice upon him.

⊙⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In response Hayden filed an affidavit of defense, in which he admitted that he resided on the premises, did not deny he was a tenant at sufferance, alleged he had a good defense, and that he was advised that the notice served upon him was not in accordance with the statute. On the basis that the affidavit was not sufficient under the nineteenth rule, the Filippones moved for judgment, which was granted, and Hayden appeals. He asks a reversal on two grounds: First, that the affidavit of merit was not sufficient, because no necessity for possession of the premises in question was shown as contemplated by the Ball Rent Act; and, second, that the notice to quit was defective, because not in compliance with the requirements of section 1221 of the District Code.

[1] Hayden did not invoke the Ball Act (41 Stat. 298) in either of the lower courts. Therefore he cannot avail himself of it here. Lehker v. Joyce, 273 Fed. 763; Smith v. Pyne, 274 Fed. 142. In each of these cases we held that, unless the Ball Act was relied on in the lower courts, the case should be disposed of under the Code. The Ball Act simply changed the character of the evidence upon which the court could act in such a case. It made the finding of the rent commission conclusive as to the right of the tenant to possession. Nothing that the rent commission could properly determine was open for determination by the courts where the benefit of the act was claimed. But the Ball Act did not affect the jurisdiction of the municipal court over the subject-matter of an action between a landlord and tenant. If neither party invoked the Ball Act, the court could proceed as effectively as if the act had never been passed. Consequently the alleged insufficiency of the notice in this case under that act cannot be inquired into here. That was a question for the rent commission in the first instance, and for this court on appeal from the commission, if the parties were not satisfied with the decision of the latter.

[2] The commission, as we have said, was not appealed to by either party. The litigants were willing to have their rights determined according to the Code, and hence the validity of the notice is to be tested by it and not by the Ball Act. Code, § 1221, says:

"A tenancy by sufferance may be terminated at any time by a notice in writing from the landlord to the tenant to quit the premises leased * * * on the thirtieth day after the day of the service of the notice."

Whether the Filippones needed the premises for any of the purposes named in the Ball Act is immaterial. The notice which was served upon Hayden said that he should quit "at the end of 30 days from the date of the service" upon him, instead of on the thirtieth day thereafter. Because of this it is urged that the notice is defective. This is hypercritical. The notice gave him full 30 days, and this complied with the Code. But, if it could be construed as giving more than 30 days, that would not affect its validity. Bliss v. Duncan, 44 App. D. C. 93; Boss v. Hagan, 49 App. D. C. 106, 261 Fed. 254, 8 A. L. R. 1508.

For these reasons, the judgment of the lower court must be, and it is, affirmed, with costs.

Affirmed.