## PHILLIPS v. MOORE & HILL, Inc.

(Court of Appeals of District of Columbia. Submitted February 13, 1922. Decided April 3, 1922.)

No. 3670.

1. **Appeal and error ⬅977(5)—Refusal of new trial is not assignable as error.**

Refusal of trial court to grant a new trial is not assignable as error.

2. **Appeal and error ⬅173(2)—Tenant must claim benefit of Ball Act before trial.**

Where the tenant did not, before the trial, bring the Ball Rent Act to the attention of the court in any way, he is not entitled to say on appeal that the trial court erred in not applying it.

3. **Landlord and tenant ⬅82—Lease with blanks left in renewal clause held not to entitle tenant to additional term.**

Where a lease for a room for a term of 18 months provided that, if the tenant did not surrender possession and was not notified to do so by the landlord, at the end of the term, the tenant should "become a tenant by the ————," the court cannot supply the term left blank, there being no application to reform the lease, and, in any event, the clause cannot operate to extend the term for a subsequent period of 18 months.

Appeal from the Supreme Court of the District of Columbia.

Action by Moore & Hill, Inc., against R. H. Phillips, to recover possession of a room occupied by defendant as tenant. Judgment for plaintiff, on the ground that the affidavit was insufficient, and defendant appeals. Affirmed.

W. M. Ellison, of Washington, D. C., for appellant.

George C. Shinn and James P. Schick, both of Washington, D. C., for appellee.

SMYTH, Chief Justice. This appeal involves a contest between a landlord and tenant with relation to the possession of a room in the Maryland Building, Washington. Moore & Hill, Inc., charged in its affidavit of merit that the tenant, Phillips, entered into the possession of the room on the 15th of January, 1919, under a written lease bearing that date, and running for the period of 18 months; that the tenant remained in possession after the expiration of the lease; that due notice was served upon him to vacate, but that he failed to do so.

In his affidavit of defense, Phillips admitted the lease, but said that it contained a provision reading thus:

"Unless the said premises are vacated and the keys to same are delivered to the parties of the first part on the day of the expiration of the term hereby created, the party of the second part shall become a tenant by the ———— at the same agreed rental and under the conditions contained in this lease, provided that at least ten days prior to the expiration of the first ———— or any subsequent ———— the parties of the first part have not notified the party of the second part of their desire to have possession of said premises, or to change any of the conditions of this agreement"

—that this provision had the effect of extending the lease 18 months unless the landlord gave the notice provided for, or he (the tenant) surrendered possession before the expiration of the first 18 months,

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and that the notice was never given. A motion for judgment by Moore & Hill was sustained, on the ground that the affidavit of defense was insufficient, and Phillips appeals.

After the judgment was rendered, Phillips filed an affidavit in which he claimed the benefit of the Ball Rent Act (41 Stat. 298), and moved for a new trial on the ground that the court was without jurisdiction to hear and determine the case. The motion was overruled.

[1, 2] It is well settled that the action of the court in refusing to grant a new trial is not assignable as error. Whelan et al. v. Welch et al., 50 App. D. C. 173, 269 Fed. 689. Before the trial Phillips did not bring the Ball Act to the attention of the court in any way, and therefore, according to repeated decisions of this court, he is not entitled to say on appeal that the trial court erred in not applying it. Lehker v. Joyce, —— App. D. C. ——, 273 Fed. 763; Smith v. Pyne, —— App. D. C. ——, 274 Fed. 142; Hayden v. Filippone, —— App. D. C. ——, 278 Fed. 329.

[3] The sufficiency of the notice to quit is not called into question, but Phillips argues that under the lease his term was extended 18 months, and that this extension had not expired at the time Moore & Hill commenced the action for possession. This he bases on the provision of the lease quoted above. Since this is not a suit to reform the lease, we must take the lease as we find it. The provision quoted is meaningless unless the blanks are filled, and we have no power in this proceeding to fill them. It says, among other things, that in a certain contingency Phillips shall "become a tenant by the ——." What shall be placed in the blank—month or year? The record does not say, and we are not permitted to guess. Certainly the provision is not framed so as to allow the insertion of words which would extend the term 18 months as claimed. But, even if it was, there is no warrant in the record for inserting them, and hence it must be ruled that the provision did not extend the lease beyond the first 18 months.

Perceiving no error in the record, the judgment is affirmed, with costs.

Affirmed.