## McCOY v. DUEHAY.

(Court of Appeals of District of Columbia. Submitted February 13, 1922. Decided April 3, 1922.)

### No. 3678.

1. **Landlord and tenant ⊜⊐278½, New, vol. 11A Key-No. Series—Ball Act does not deprive municipal court of jurisdiction, unless it has been invoked.**

   The Ball Rent Law does not deprive the municipal court of jurisdiction over the proceedings by a landlord to recover possession from his tenant, unless the tenant has invoked the jurisdiction of the rent commission, and an affidavit of defense by the tenant, alleging merely that the landlord failed to give notice in compliance with the Ball Rent Law, and failed to apply to the rent commission, is insufficient.

2. **Landlord and tenant ⊜⊐116(5), 120(2)—Thirty days' notice expiring the 1st of the month is sufficient, whether tenancy is from month to month or by sufferance.**

   Where the landlord was given 30 days' notice to quit on the 1st day of the following month, the notice was sufficient, under Code, § 1219, whether the tenancy was from month to month, beginning on the 1st of the month, or by sufferance.

3. **Landlord and tenant ⊜⊐116(7)—Acceptance of rent until day before rent expires does not waive notice.**

   A landlord, who had given notice to his tenant to quit on the 1st day of the following month, does not waive the notice by accepting payment of the rent to the last day of the current month.

4. **Time ⊜⊐10(5)—Sundays and legal holidays not excluded from 30 days' notice to tenant.**

   The law does not provide that Sundays and holidays shall be excluded in computing the 30-day notice which must be given a tenant, and in the absence of such provision those days are included, so that the fact that Saturday afternoon is a legal holiday, under Code, § 1389, and that, excluding such half holidays, the notice was not given 30 days before the time possession was demanded, does not make the notice insufficient.

   Smyth, Chief Justice, dissenting.

Appeal from the Supreme Court of the District of Columbia.

Landlord and tenant proceedings by F. H. Duehay against Miss M. McCoy to recover possession of an apartment. Judgment for landlord, and tenant appeals. Affirmed.

Raymond M. Hudson, of Washington, D. C., for appellant.
Clinton Robb, of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. Appellee filed an affidavit of merit, which in the absence of a sufficient affidavit of defense would entitle him to recover. In the affidavit of defense it was averred, among other things:

"The municipal court did not have any jurisdiction of this action, as the notice was not in accordance with the requirements of the Ball Rent Law [41 Stat. 298], and a certificate of permission has not been obtained by the plaintiff from the rent commission of the District of Columbia, under the said law certifying that the plaintiff was entitled to possession; that no application was made by the plaintiff to the rent commission; that the plaintiff does not want or need the said premises for the actual bona fide occupancy of himself, his wife, or children, or dependents, or for the purpose of tearing

---

down or razing same, in order to immediately construct new rental property, hotel, or apartment; that the plaintiff had not complied with any of the requirements of the Rent Commission Law of the District of Columbia known as the Ball Rent Law, nor with the Saulsbury Resolution."

[1] In a number of cases this court has held that, where it appears by affidavit of defense or plea that the jurisdiction of the rent commission has been invoked, and the case is there pending involving the right to possession, the jurisdiction of the municipal court is suspended pending the determination of the case by the rent commission. Killgore v. Zinkhan, —— App. D. C. ——, 274 Fed. 140; Smith v. Pyne et al., —— App. D. C. ——, 274 Fed. 142.

In Smith v. Pyne, supra, the plaintiff by plea and affidavit of defense set out a proceeding instituted by Pyne before the rent commission for the same cause of action, and that this proceeding was still pending and undetermined, and for that reason challenged the jurisdiction of the court below. On this point the court said:

"The provisions of the Code giving the municipal court jurisdiction to hear and determine controversies between landlords and tenants respecting the possession of real estate must be construed in connection with the pertinent provisions of the Ball Act. 41 Stat. 298. They are in pari materia. The municipal court has jurisdiction over the subject-matter, and with the proper parties before it may hear and determine all controversies relating to the subject on such evidence as may be adduced, when no objection is made; but when objection is made, to the effect that the court cannot proceed, except upon the determination of the rent commission under the Ball Act, it must suspend proceedings until that determination is presented in evidence. When it is presented, the court must accept it as conclusive and pronounce judgment according to it."

But that is not this case. There is no averment here that an action had been instituted and was pending before the rent commission, as in the Pyne Case, or that the jurisdiction of the rent commission had been in any manner invoked. The affidavit amounts merely to a complaint that such action had not been taken, and that notice had not been given "in accordance with the requirements of the Ball Rent Law." Such an averment is not sufficient to deprive the court of jurisdiction to proceed in a case of this sort. Until the jurisdiction of the rent commission has been invoked in the manner authorized by the statute, the municipal court has full jurisdiction to proceed, and a mere reference to the Ball Act, or the existence or jurisdiction of the commission, is not sufficient to stay the hand of the court. There is no averment that appellant had invoked the jurisdiction of the rent commission, or even desired to do so.

[2] It is unnecessary to determine whether the tenancy was from month to month or by sufferance. If from month to month, as set out in the affidavit of merit, it began on the 1st day of the month. The notice, therefore, requiring the tenant to quit on the 1st day of December, was strictly in conformity with the provisions of section 1219 of the District Code. On the other hand, if the tenancy were by sufferance, as contended by counsel for appellant, the situation would not be different, since full 30 days' notice was given.

[3] The acceptance of rental until November 30th did not amount

to a waiver of notice or the creation of a new tenancy, since the notice did not expire until December 1st, and the mere fact that appellant was given 31 days' notice, instead of the 30 days by statute required, is a matter of which she cannot complain.

"The giving of the additional day was an advantage to the defendant; of this he has no just cause of complaint." Boss v. Hagan, 261 Fed. 254, 256, 49 App. D. C. 106, 108 (8 A. L. R. 1508).

[4] Saturday afternoon is a legal holiday in the District of Columbia. Code D. C. § 1389. It is contended that, if the Saturday half holidays were excluded, the notice would be invalid, in that it would not have run 30 days, exclusive of Sundays and legal holidays. There is nothing in the law, relating to notices to quit in landlord and tenant proceedings, specifically providing that Sundays and holidays shall be excluded. In the absence of such a provision, the 30 days' notice should be interpreted as including Sundays and holidays. This is the established practice in this District. In Morse v. Brainerd, 42 App. D. C. 448, a notice given on June 30, 1911, to vacate on July 31, 1911, was held to constitute 30 days' notice under the statute. The notice there could only have been sustained by including both Sundays and holidays.

The judgment is affirmed, with costs.

SMITH, Chief Justice (dissenting). There is no warrant in either the Kilgore or Smith Case, cited, for saying that the jurisdiction of the municipal court over the subject-matter of a landlord and tenant action is suspended by the parties' invoking or failing to invoke the Ball Rent Act. Jurisdiction of a court over the subject-matter can be affected only by statute—never by the action of the parties—because it is derived solely from the statute. Raney v. McRae, 14 Ga. 589, 60 Am. Dec. 660; Robinson v. Oceanic Steam Navigation Co., 112 N. Y. 315, 19 N. E. 625, 2 L. R. A. 636. The majority opinion confuses the duty with the jurisdiction of the court. But the distinction between the two is plain. Fauntleroy v. Lum, 210 U. S. 230, 235, 28 Sup. Ct. 641, 52 L. Ed. 1039. When the tenant objects to the court's receiving any evidence but the decision of the commission, it is the duty of the court to sustain the objection; but it has the power—jurisdiction—to overrule it. The Ball Act has no effect whatever on the jurisdiction of the courts. It simply provides a rule of evidence, whereby the rights and duties of the parties are to be determined in accordance with the decision of the rent commission. This court, on the 6th of February last, in a unanimous opinion, ruled that the Ball statute simply changed the character of the evidence upon which the court could act, by making the finding of the commission conclusive as to the right of the tenant to possession. Hayden v. Filippone, —— App. D. C. ——, 278 Fed. 329. Now the court, in effect, denies what it then affirmed. If the defendant does not see fit to invoke that rule on the trial, but suffers other evidence to be introduced without objection, he cannot complain of a judgment based on the other evidence. This rule is applicable, not only in the municipal court,

but in any court in the District of Columbia where evidence is taken in a landlord and tenant action. Section 106.

Appellant made it very clear in her affidavit of defense that she intended to rely on the Ball Act when her case came on for trial in the Supreme Court. She said:

"A certificate of permission has not been obtained by the plaintiff from the rent commission of the District of Columbia, under the said law, certifying that the plaintiff was entitled to possession."

This advised the court that at the trial she would insist that the certificate—decision—of the commission should be produced. If it was not forthcoming, and she objected to any other evidence tending to show plaintiff's right to possession, the court would have been compelled to sustain her objection, and give judgment for her, or, in the exercise of a sound discretion, postpone the trial until the commission's decision could be secured. Is it the view of the majority that the tenant must say in the affidavit of defense, "I hereby notify you [the landlord] that at the trial I propose to insist that you shall introduce only competent evidence, namely, the decision of the rent commission?" If so, then no support can be found for such a view in either the statute or the general law. The law charges the landlord with notice that he must present competent proof of his claim or fail. The Ball Act is remedial in its essence, passed for the protection of tenants. It has been held valid by the Supreme Court of the United States. It should receive a sympathetic construction, one which would tend to make it serve the purpose that Congress had in mind when enacting it—not a construction that tends to defeat that purpose.

Appellant's affidavit is entitled to a liberal construction, and, when so construed, it states, not formally, but substantially, a good defense. We have said in Patterson v. Barrie, 30 App. D. C. 531, 536:

"If the facts stated will, by any fair and reasonable construction, constitute a defense to the action within the scope of the defensive pleas, it is the right of the defendant to have the case tried by the jury. All that is required is that the facts alleged shall be sufficient to indicate a substantial legal defense made in good faith."

The opinion says:

"There is no averment that appellant had invoked the jurisdiction of the rent commission, or even desired to do so."

Does this mean that when a landlord brings action against his tenant in a court the latter must show that he had invoked the power of the rent commission or suffer defeat? If so, I can find no warrant for it. The landlord must prove his case by competent evidence, and this he cannot do without introducing the commission's decision, if the tenant insists.

The trial court ruled against the tenant after this court had declared the Ball Act invalid, but before the Supreme Court of the United States had reversed our decision. No doubt the lower court followed our holding, and thus fell into error.

Believing that the tenant has a right to avail herself of the Ball Act, and that the decision just handed down deprives her of that right, I dissent.