## HARRIS v. N. L. SANSBURY CO., Inc.

(Court of Appeals of District of Columbia. Submitted February 9, 1922. Decided April 3, 1922.)

No. 3627.

Landlord and tenant ⊚⟹278½, New, vol. 11A Key-No. Series—Showing case had been submitted to rent commission held to deprive municipal court of jurisdiction.

In landlord and tenant proceedings, begun in the municipal court and taken to the Supreme Court on appeal, an affidavit of defense, alleging that, before the service of notice to quit, the case had been submitted to the rent commission, which made an order establishing the rental, and that such fact had been set up and presented in the municipal court, shows that the municipal court was deprived of jurisdiction to proceed further in the case.

Smyth, Chief Justice, dissenting in part.

Appeal from the Supreme Court of the District of Columbia.

Proceeding by the N. L. Sansbury Company, Inc., against Mrs. M. A. Harris. Judgment for the landlord in the Supreme Court, on appeal from the municipal court, because of insufficiency of affidavit of defense, and the tenant appeals. Reversed and remanded.

Victor H. Wallace, of Washington, D. C., for appellant.

George C. Gertman, of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. This is a landlord and tenant proceeding, instituted by appellee company in the municipal court of the District to secure possession of an apartment. Judgment for possession was entered, from which appellant appealed to the Supreme Court of the District, where affidavits of merit and defense were filed. On motion by appellee company for judgment because of the insufficiency of the affidavit of defense under the nineteenth rule, judgment was entered, from which the case comes here on appeal.

The affidavit of defense, among other things, alleges that, before the service of notice to quit, the case had been submitted to the rent commission, where an order was made establishing the rental at $50 per month. A certified copy of the order was attached to the affidavit. The affidavit contained a further averment that this fact had been set up and presented in the municipal court.

This averment in the affidavit of defense was sufficient to deprive the municipal court of jurisdiction to proceed further in the case. Smith v. Pyne et al., —— App. D. C. ——, 274 Fed. 142.

The judgment is reversed, with costs, and cause remanded for further proceedings not inconsistent with this opinion.

SMYTH, Chief Justice, concurs in this opinion except as to the holding that the "averment in the affidavit of defense was sufficient to deprive the municipal court of jurisdiction to proceed further in the case."