### STANDARD SAV. BANK v. STONE et al.

(Court of Appeals of District of Columbia.    Submitted April 6, 1922.    Decided May 1, 1922.)

No. 3735.

Covenants ⟨≈⟩130(3)—Grantee cannot compromise with tenants by sufferance and recover amount paid thereunder from covenantor.

Where property, occupied by tenants under a parol agreement for a term of five years, which is made a tenancy by sufferance under Code, § 1116, and could be terminated upon 30 days' notice under section 1221, was conveyed by a special warranty, the grantee could not, ignoring the legal procedure to oust the tenants, compromise with them to secure possession of the property, and recover on the special warranty the amount paid under the compromise agreement.

Appeal from the Supreme Court of the District of Columbia.

Action by the Standard Savings Bank against Charles P. Stone and another. From a judgment for defendants, entered on a demurrer to the second amended declaration, plaintiff appeals. Affirmed.

William E. Richardson, of Washington, D. C., for appellant.
George E. Sullivan, of Washington, D. C., for appellees.

VAN ORSDEL, Associate Justice. This appeal is from the judgment of the Supreme Court of the District of Columbia, entered upon a demurrer to the plaintiff's second amended declaration.

The facts alleged in the first count are that defendants on June 24, 1920, executed a special warranty deed to plaintiff bank for certain real estate situated in this District; that defendants did not keep and perform the covenant of warranty, in that a portion of the premises was at the time leased to one Chakalakis, with whom it is alleged defendants had made a verbal agreement in November, 1919, giving Chakalakis a 5-year lease on the premises, in consideration that Chakalakis would pay an increased rent, which he paid on the 1st day of December, 1919. It is further alleged that plaintiff notified the defendants of the claim asserted by Chakalakis, but that defendants refused to settle or adjust the matter; that Chakalakis filed a suit in equity to prevent any interference with said property, as a result of which plain-

---

⟨≈⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tiff was temporarily enjoined by the Supreme Court of the District of Columbia from interfering with the possession of said premises, as a result of which plaintiff was compelled to pay Chakalakis, to secure possession of the premises, the sum of $2,500.

It is also alleged that another portion of the premises was occupied by one Goodacre under similar circumstances and conditions, except that no suit was filed, and that plaintiff, to secure possession of this portion of the property, was required to pay Goodacre the sum of $3,000.

The second count of the declaration set forth the contract of sale between plaintiff and defendants, the existing tenancy at the time of making said sale, and that defendants knew that the property was purchased by the plaintiff for the purpose of remodeling the first floor for banking purposes, consisting principally of the two storerooms then occupied by Goodacre and Chakalakis. The remaining allegations are substantially the same as in the first count. Plaintiff prayed judgment for $5,500, with interest and costs.

The estates claimed by the tenants were created by parol, and come squarely within the provisions of section 1116, D. C. Code, which provides:

"Every estate in lands, tenements, or hereditaments for a greater term than one year attempted to be created by parol, or otherwise than by deed as provided in subchapter 1 of chapter 16, shall be an estate by sufferance."

It is clear that at the time of purchase of the property by plaintiff bank the tenants were holding by sufferance, a tenancy which could be terminated upon 30 days' notice. D. C. Code, § 1221. It may well be, though unnecessary to decide, that any damage sustained by plaintiff, through delay or expense in securing possession of the property in the way provided for dispossessing tenants holding by sufferance, could have been recovered in a proper action; but that was not the course pursued. It is not the cause of action set out in this case. Plaintiff could not ignore the legal procedure provided, and compromise with the tenants for a sum which it might elect to pay, and then recover back that sum from the defendants upon any basis of breach of warranty. The declaration, for this reason, fails to state a cause of action, and the demurrer was properly sustained.

The judgment is affirmed, with costs.