### SEYMOUR v. TERRELL, Municipal Court Justice, et al.

(Court of Appeals of District of Columbia. Submitted April 7, 1922. Decided May 1, 1922.)

No. 3742.

Landlord and tenant ⬥278½, New, vol. 11A Key-No. Series—Possessory proceedings are maintainable, if no appeal is taken by tenant from dismissal by rent commission.

> Where the tenant's complaint to the rent commission had been dismissed by that commission, and no appeal from the order of dismissal was taken within 10 days after it was rendered, the determination of the rent commission became final under the Ball Act, and the landlord could institute possessory proceedings against the tenant in the municipal court.

Appeal from the Supreme Court of the District of Columbia.

Petition for writ of prohibition by B. F. Seymour against R. H. Terrell, one of the Justices of the Municipal Court of the District of Columbia, and Margaret Murphy. From a judgment dismissing the petition, petitioner appeals. Affirmed.

Raymond M. Hudson, of Washington, D. C., for appellant.

Theodore W. Peyser and George E. Edelin, both of Washington, D. C., for appellees.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District of Columbia dismissing appellant's petition for a writ of prohibition.

The material facts are as follows: The appellee, Margaret Murphy, purchased an apartment and served notice upon the tenant to vacate. Thereupon the appellant filed a complaint with the rent commission, challenging the owner's right to possession. This complaint was answered, the same came on for hearing, and on June 30, 1921, the commission dismissed the complaint. From this final order of dismissal no appeal was taken, but, after the expiration of the time within which an appeal might have been taken, appellant attempted an appeal and submitted a so-called "bill of exceptions" and "statement of case" to the commission, which the commission declined to entertain. Thereupon the owner instituted a suit for possession in the municipal court, and appellant filed his petition for this writ.

No appeal having been taken within 10 days after the final order of the rent commission dismissing appellant's complaint, the determination of the commission, under the provisions of the Ball Act, became "final and conclusive" (Killgore v. Zinkhan, 274 Fed. 140, 51 App. D. C. ——; Davis v. Cooksey, 274 Fed. 143, 51 App. D. C. ——), and the

owner, therefore, was within her rights in instituting possessory proceedings in the municipal court.

Judgment affirmed, with costs.

Affirmed.