## BEYER v. SMITH.

Court of Appeals of District of Columbia.
Submitted March 7, 1929. Decided April 1, 1929.

Petition for Rehearing Denied April 6, 1929.

No. 4729.

Daniel T. Wright and Philip Ershler, both of Washington, D. C., for appellant.

Before MARTIN, Chief Justice, and WEBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. ▮ This case was begun in the municipal court by Pauline V. Beyer, as landlord, against Harold M. Smith, as tenant, to recover possession of certain leased premises situate within the District of Columbia. It appears from the record that when the case was begun Smith's tenancy was by sufferance, and it also appears that the landlord had not served upon him any written notice to quit the premises on the thirtieth day after the day of the service of the notice. The lower court dismissed the case because of the failure of the landlord to serve such a notice prior to the beginning of the suit. This appeal was then brought.

The present issue accordingly is whether, in order that a landlord may terminate a tenancy by sufferance in the District of Columbia, a notice in writing from him must be served upon the tenant to quit the premises leased on the thirtieth day after the day of the service of the notice. The controlling rule upon this subject is to be found in Section 1221, D. C. Code, which reads in part as follows:

"Sec. 1221. *Tenancy by Sufferance.*—A tenancy by sufferance may be terminated at any time by a notice in writing from the landlord to the tenant to quit the premises leased, or by such notice from the tenant to the landlord of his intention to quit on the thirtieth day after the day of the service of the notice. * * *"

It has been held by this court in various decisions under this section that, in order to terminate a tenancy by sufferance, the landlord should serve the tenant with a written notice to quit the premises on the thirtieth day after the day of the service of the notice. Creel v. Adams, 49 App. D. C. 306, 265 F. 456; Hayden v. Filippone, 51 App. D. C. 246, 278 F. 329; Standard Sav. Bank v. Stone, 52 App. D. C. 42, 280 F. 1016. Compare Velati v. Dante, 39 App. D. C. 372, Morse v. Brainerd, 42 App. D. C. 448. These references are conclusive in the present case.

▮ In the brief of the plaintiff in error various references are made to the terms of the written lease between the parties, and the claim is made that the lessee thereby waived a notice to quit the premises in order to terminate the lease. Unfortunately, however, the written lease is not made part of the bill

424

of exceptions, nor referred to therein; the court therefore cannot take notice of it.

The judgment of the lower court is affirmed, with costs.