## MONCURE v. CURRY.

### No. 276.

Municipal Court of Appeals for the District of Columbia.

April 11, 1945.

Rehearing Denied April 27, 1945.

John P. Mullen, of Washington, D. C., for appellant.

Herman Miller, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

PER CURIAM.

From a judgment for possession of real estate the tenant has appealed. No statement of proceedings and evidence is included in the record. Appellee has moved to dismiss upon the ground that without such a statement it would be impossible for this court to determine the issues presented.

Statements of proceedings and evidence are not required where a question of law arises upon the face of the record. But where the parties are properly before the court, the pleadings state a case, and the judgment conforms to the pleadings, matters which arise during the progress of the trial cannot be reviewed unless the record includes such portion of the evidence and proceedings as must be considered in determining whether the rulings of the trial court were correct.[1]

The importance of strict adherence to this rule is illustrated in the instant case. The defense relied upon was acceptance of a month's rent, evidenced by an agent's receipt, after notice to quit had been served. This notice is not in the record. We do not know when it expired. The complaint alleged that defendant held possession as a "monthly" tenant. Assuming that this was proven, the thirty day notice must expire on the day of the month from which the tenancy began to run.[2] This we have no means of ascertaining. Usually such tenancies run from the first day of the month. In that event the notice, served November 27, 1944, would expire January 1, 1945, and acceptance of rent "to January 1, 1945" as alleged in the assignments of error would not waive or invalidate the notice.[3]

It is claimed that the trial court erred in holding that the evidence did not establish the authority of the agent who accepted the December rent. This plainly requires that the evidence be before us. It would be immaterial in any event unless it appeared that the payment was for rent beyond the termination date of the notice.

Motion granted and appeal dismissed.

[1] 4 C.J.S., Appeal and Error, § 785.

[2] Code 1940, § 45—902.

[3] Byrne v. Morrison, 25 App.D.C. 72; M'Coy v. Duehay, 51 App.D.C. 363, 279 F. 1001.