ELIZABETH L. BROWN, Respondent, v. MILDRED FERGUSON, Appellant.— The tenant in a holdover summary proceeding to recover possession of real property appeals from an order of the County Court, Orange County, which order, among other things, affirmed a final order made by a Justice of the Peace of the Town of Tuxedo, Orange County, in favor of the landlord. Order of the County Court modified by striking out everything following the second ordering paragraph and by substituting therefor a direction that the final order of the Justice of the Peace be reversed, without costs, and that the proceeding be dismissed. As so modified, order of the County Court affirmed, without costs. The petition alleged that appellant's tenancy at will was terminated by a notice to remove from the property on or before January 1, 1954. On trial, it was stipulated that if a witness were called, he would testify to the service of the notice on November 28, 1953. It was also stipulated, however, that the same witness, if called, would also testify that he had served, at the same time, a notice to remove on February 1, 1954, and a further notice that rent of the premises, if appellant should continue to occupy them, would be at the rate of $425 a month, and that continued occupancy of the premises by appellant would be considered as an agreement to pay such rent. Whether the notice to remove by February 1, 1954, was served on November 28, 1953, or, as is stated in the briefs, on December 29, 1953, is immaterial. In either event, we construe that notice, when considered

in connection with the notice that the premises might be occupied on payment of rent, as nullifying the previous notice to remove by January 1, 1954. Consequently, the proceeding to dispossess appellant, commenced on January 8, 1954, was prematurely brought. Nolan, P. J., Wenzel, MacCrate and Murphy, JJ., concur. Beldock, J., dissents and votes to affirm the order of the County Court, with the following memorandum: The service of the notice on December 29, 1953, that the tenant quit the premises on February 1, 1954, did not, as a matter of law, operate as a waiver of the notice served on November 28, 1953, that the tenant quit on January 1, 1954. There was at best a question of fact for the Trial Justice to determine as to whether the landlord intended the second notice to be a waiver of the first. (2 Taylor's Landlord and Tenant [8th ed.], §§ 485, 486.) There was sufficient basis for a finding that the second notice was not a waiver of the first because (1) the second notice may have been served in an abundance of caution in the event a summary proceeding based on the first notice should fail; (2) it was impossible for the tenant to suppose that the landlord meant to waive the first notice, when that notice was the basis of the present summary proceeding, instituted January 8, 1954. (See authorities cited in 2 Taylor's Landlord and Tenant [8th ed.], *supra.*) The demand of a certain charge for *occupancy* beginning *December 1, 1953,* contained in the notice served November 28, 1953, is not a waiver of the landlord's right to possession. (Civ. Prac. Act, § 1410, subd. 8; *MacGlashan* v. *Harper,* 299 Mich. 662, 667; *McCoy* v. *Duehay,* 279 F. 1001.)