**UNITED MILK PRODUCERS OF NEW JERSEY et al., Appellants,**

v.

**Ezra Taft BENSON, Secretary of Agriculture of the United States, Appellee.**

No. 12464.

United States Court of Appeals District of Columbia Circuit.

Argued May 25, 1955.

Decided June 23, 1955.

Mr. Robert Henry O'Brien, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of Court, with whom Mr. William P. Murray, New York City, was on the brief, for appellants. Mr. Michael F. X. Dolan, Washington, D. C., also entered an appearance for appellants.

Mr. Neil Brooks, Sp. Asst. to Atty. Gen., United States Department of Justice, with whom Messrs. J. Stephen Doyle, Jr., Sp. Asst. to Atty. Gen., United States Department of Justice, and Donald A. Campbell, Attorney, United States Department of Agriculture, were on the brief, for appellee. Messrs. Leo A. Rover, U. S. Atty., and Lewis Carroll, Asst. U. S. Atty., also entered appearances for appellee.

Mr. Keith L. Seegmiller, Washington, D. C., filed a brief on behalf of Daniel J. Carey, Commissioner of Agriculture and Markets of the State of New York, as amicus curiæ, urging affirmance.

Messrs. Frederic P. Lee and Ralph A. Gilchrist, Washington, D. C., filed a brief on behalf of Metropolitan Milk Producers Bargaining Agency, Inc., and Mutual Federation of Independent Cooperatives, Inc., as amici curiæ, urging affirmance.

Before PRETTYMAN, FAHY and DANAHER, Circuit Judges.

FAHY, Circuit Judge.

Plaintiffs appeal from an order of the District Court dismissing their complaint on motion of defendant, the Secretary of Agriculture, for lack of standing on their part to maintain the action. We affirm.

Plaintiffs are corporate and individual producers and sellers of milk in the State of New Jersey. They compete with producers located out-of-State who sell to distributors who in turn transport the milk into New Jersey and sell it there. Defendant has responsibility for the administration of the Agricultural Marketing Agreement Act of 1937, 50 Stat. 246, as amended, 7 U.S.C.A. § 601 et seq. Relying upon this statute the Secretary on August 5, 1938,[1] issued Order No. 27 for the New York metropolitan milk marketing area, 7 CFR § 927.1–927.89 (Rev.1952). The Order as amended establishes a formula under which distributors of milk thereby regulated account to producers at a minimum price which varies according to the geographical area in which the milk is delivered to the purchaser by the distributor. There are three area classifications, known as Class I A, Class I B and Class I C, but all the milk in the three classes is of the same grade and quality. Milk that the distributor sells in the New York metropolitan milk marketing area is designated Class I A, and is paid for by the distributor and accounted for to the producer at a higher minimum price than for Class I C milk, which the distributor sells in non-Federal milk marketing areas, including New Jersey. See 7 CFR § 927.37(a), (c) (Rev.1952).[2] The complaint alleges that these are the only differences between Class I A and Class I C milk insofar as Order No. 27 is concerned. Plaintiffs aver that the statute does not permit defendant Secretary to establish such price differences in these two classes of milk of the same grade and quality; that as a consequence of the allegedly unlawful price differences, plaintiffs[3] receive substantially lower prices for the fluid milk they sell to distributors than otherwise would be the case; that this is due to the fact that the distributors purchase fluid milk outside New Jersey, paying for it at substantially lower prices than must be paid for Class I A, transport it into New Jersey as Class I C and resell it there. Plaintiffs allege that except for this situation, they, as producers, would be able to sell more of their own fluid milk to the distributors, and would need to sell less of their milk at lower prices as surplus. The corporate plaintiff alleges further that it is losing the dues of its members who are being continually forced out of business by the loss of markets for their milk. All plaintiffs claim irreparable injury, loss and damage to their business and property.

The prayers in substance are that the Secretary and his successors in office be permanently enjoined from fixing a price by a Federal marketing order to be paid producers for Class I C fluid milk which is lower than the price to be paid producers for Class I A fluid milk, and to declare illegal and void the provisions of Order No. 27 which permit this.

---

1. Pursuant to certain of its own provisions the Order did not take immediate effect. See 3 Fed.Reg. 1945, 1951, 2100, 2102 (1938).

2. § 927.37(c) was amended subsequent to the filing of the complaint in this case.

See 19 Fed.Reg. 557 (1954), 7 CFR § 927.37(c) (Supp. 1954).

3. The complaint does not allege that plaintiffs are in any way bound or regulated by the Order, or that the milk they sell is or should be priced under the Order.

■ The order complained of is one of a number of milk marketing orders applicable in many parts of the United States, formulated and administered pursuant to the authority of the statute. Their basic purpose is to stabilize the price of milk, in aid of both producers and distributors or handlers, and to maintain orderly marketing conditions. The validity of the statute and of particular marketing orders made under its terms has been upheld in opinions which elaborate the legal and economic aspects of the program. United States v. Rock Royal Co-op, 307 U.S. 533, 59 S.Ct. 993, 83 L.Ed. 1446; H. P. Hood & Sons v. United States, 307 U.S. 588, 59 S.Ct. 1019, 83 L.Ed. 1478.

Plaintiffs do not rely upon any provision of the Act itself as affording them standing to attack Order No. 27. Furthermore, they claim no standing by reason of the Administrative Procedure Act, 5 U.S.C.A. § 1009 (1952).[4] We pass, then, to their contention that, though they do not claim a legal right to be free of the competition of distributors who are regulated by the Order, they acquire standing by reason of the fact that the competition becomes especially injurious to them due to the allegedly illegal action of the defendant in formulating and issuing the Order. We think their contention is foreclosed by Tennessee Electric Power Co. v. T. V. A., 306 U.S. 118, 59 S.Ct. 366, 83 L.Ed. 543, and our recent decision in Kansas City Power & Light Co. v. McKay, 96 U.S.App.D. C. ——, 225 F.2d 924. See, also, Alabama Power Co. v. Ickes, 302 U.S. 464, 58 S.Ct. 300, 82 L.Ed. 374, and Perkins v. Lukens Steel Co., 310 U.S. 113, 60 S.Ct. 869, 84 L.Ed. 1108.

■ The decisions referred to make clear (1) that injury from lawful competition is *damnum absque injuria* and affords no standing to the party damaged to seek judicial relief therefrom, absent statutory aid to standing; (2) that competition otherwise lawful is not unlawful because made more injurious by governmental action assumed to be invalid, with possible exceptions not here relevant, so long as no legal right of the party injuriously affected is invaded, see Tennessee Power Co. v. T. V. A., supra, 306 U.S. at pages 139, 140, 59 S.Ct. at page 370; and (3) that no legal right of one in a situation comparable in all material respects to plaintiffs' is invaded by lawful competition that is facilitated by such governmental action, and thereby made more economically injurious than otherwise would be the case.[5]

Affirmed.

4. Their complaint as well as their brief is silent on the Administrative Procedure Act, and in oral argument before this court their counsel explicitly disclaimed reliance upon that Act. Accordingly we do not consider it. See Lehker v. Joyce, 51 App.D.C. 35, 36, 273 F. 763, 764; Kirk v. St. Joseph Stock Yards Co., 8 Cir., 206 F.2d 283, 287; World Fire & Marine Ins. Co. v. Carolina Mills Dist. Co., 8 Cir., 169 F.2d 826, 829, 4 A.L.R.2d 523.

5. Neither Stark v. Wickard, 321 U.S. 288, 64 S.Ct. 559, 88 L.Ed. 733, nor Brannan v. Stark, 342 U.S. 451, 72 S.Ct. 433, 96 L.Ed. 497, are exceptions to the principles stated. Plaintiffs in those cases were permitted to attack an order regulating the marketing of milk in the greater Boston area. But they claimed an interest in funds alleged to be unlawfully diverted by the Secretary in administering the order. And in Chicago Junction Case, 264 U.S. 258, 44 S.Ct. 317, 68 L.Ed. 667, also relied upon by plaintiffs, standing was rested upon the violation of a right of plaintiffs granted by statute. See Alabama Power Co. v. Ickes, 302 U.S. 464, 483–484, 58 S.Ct. 300, 82 L.Ed. 374. Furthermore, the plaintiffs there were parties to the order they attacked.