Russell **TROUTMAN**, Plaintiff,

v.

Sargent **SHRIVER**, Director, Office of Economic Opportunity, and United States of America, Defendants.

No. 66–188–Orl.–Civ.

United States District Court
M. D. Florida,
Orlando Division.

Sept. 6, 1967.

Fishback, Davis, Dominick & Troutman, Orlando, Fla., for plaintiff.

Gurney, Gurney & Handley, Maquire, Voorhis & Wells, Whittaker, Pyle & Wood, and Anderson, Rush, Dean & Lowndes, Orlando, Fla., for Orange County Bar Ass'n.

Philip G. Nourse, Smith & Kirkland, Willes, Bittan & Griffin, O'Laughlin & O'Laughlin, Sumner & Bryan, and Charles E. Becht, Fort Pierce, Fla., for St. Lucie County Bar Ass'n.

Alexander D. Hall, Jr., St. Cloud, Fla., for Osceola County Bar Ass'n.

Shinholser & Logan, Sanford, Fla., for Seminole County Bar Ass'n.

Edward F. Boardman, U. S. Atty., Tampa, Fla., Harland F. Leathers, U. S. Department of Justice, Washington, D. C., and Michael R. Lemov, Attorney U. S. Department of Justice, Washington, D. C., for defendants Shriver, etc. and United States of America.

## ORDER OF DISMISSAL

SCOTT, District Judge.

The first question to be decided by this Court is whether plaintiff has any standing to maintain this action. Also, whether the proposed intervenors have any standing to intervene as parties plaintiff. The defendants by their motion to dismiss the amended complaint say this Court is without jurisdiction over the subject matter of this action because plaintiff lacks standing to sue.

In Tennessee Elec. Power Co. v. TVA, 306 U.S. 118, 59 S.Ct. 366, 83 L.Ed. 543 (1937), 18 power companies sued to enjoin operation of the TVA, asserting unconstitutionality. The Court held the plaintiffs to be without standing to raise the constitutional issues, because "the damage consequent on competition, otherwise lawful, is in such circumstances *damnum absque injuria,* and will not

support a cause of action or a right to sue". Id. at 140, 59 S.Ct. at 371. See Perkins v. Lukens Steel Co., 310 U.S. 113, 60 S.Ct. 869, 84 L.Ed. 1108 (1940). Accordingly, we do not here reach the constitutional questions presented by the plaintiff and proposed intervenors, including the question of delegation of legislative power.

In a recent decision the Second Circuit held that the owners of a New York hotel lacked standing to sue federal and local agencies and officials to enjoin operation of an urban redevelopment program which included a transient hotel. Berry v. Housing & Home Finance Agency, 340 F.2d 939 (2nd Cir. 1965). The Court quoted its earlier decision in Taft Hotel Corp. v. Housing & Home Finance Agency, 262 F.2d 307 (2nd Cir. 1958):

"Economic loss stemming from lawful competition, even though made possibly by federal aid, is *damnum absque injuria*".

The Court went on to state that:

"If local officials do not comply * * the Housing Agency can vindicate the public interest by withholding federal funds, but private hotel owners are given no remedy. The public good * * * could well be frustrated by the delay and expense of litigation if allowed on the suit of every person objecting to possible competition". Id. at 940.

In Kansas City Power & Light Co. v. McKay, 96 U.S.App.D.C. 273, 225 F.2d 924 certiorari denied, 350 U.S. 884, 76 S.Ct. 137, 100 L.Ed. 780 (1955), utility companies attacked the validity of certain federally supported power programs. The Court was asked to hold that petitioners were within Section 10 of the Administrative Procedure Act which gives a "right of review to any person suffering legal wrong * * * or adversely affected or aggrieved within the meaning of any statute". The Court stated that Section 10 was no more than declaratory of existing law and held that the utility companies had not suffered a legal injury under present law and thus

had no standing to sue. Accord, United Milk Producers v. Benson, 96 U.S.App. D.C. 227, 225 F.2d 527 (1955) (Milk producers have no standing to complain of a price order enabling their competitors to undercut them). Pittsburgh Hotels Ass'n v. Urban Redevelopment Authority, 202 F.Supp. 486 (W.D.Pa.1962). See also Jaffe, Administrative Law 528 (1965).

In Rural Electrification Admin. v. Central Louisiana Elec. Co., 5 Cir., 354 F.2d 859 (1966), the Court said:

"Under Section 10(a) of the Administrative Procedure Act, 5 U.S.C.A. § 1009, it seems to be settled in a case of this kind that if Congress has failed to give an appellant standing to sue by express or implied provisions of statute * * * mere economic competition made possible by governmental action (even if allegedly illegal) does not give standing to sue to restrain such action. Pennsylvania Railroad Company v. Dillon, 1964, 118 U.S.App.D.C. 257, 335 F. 2d 292, citing Tennessee Electric Power Company v. Tennessee Valley Authority, 306 U.S. 118, 59 S.Ct. 366, 83 L.Ed. 543 (1939); Alabama Power Company v. Ickes, 302 U.S. 464, 58 S. Ct. 300, 82 L.Ed. 374 (1938); Kansas City Power and Light Company v. McKay, 96 U.S. App.D.C. 273, 225 F.2d 924, cert. denied, 350 U.S. 884, 76 S.Ct. 137, 100 L.Ed. 780 (1955); and Texas State AFL–CIO v. Kennedy, 117 U.S. App.D.C. 343, 330 F.2d 217 (1964)."

Under the Economic Opportunity Act of 1964, there is no provision allowing for a right of review for any party aggrieved and thus under the decision in Kansas City Power & Light Co. v. McKay, supra, and Rural Electrification Admin. v. Central Louisiana Elec. Co., supra, no such right arises under the Administrative Procedure Act. Thus, an individual legal practitioner in the State of Florida does not have standing to maintain this action and the proposed intervenors do not have standing to intervene as parties plaintiff either because of the potential adverse competition of the Office of Economic

Opportunity legal program or because of status as a citizen or taxpayer.

It is, therefore, upon consideration,

Ordered:

1. Defendants' motion to dismiss the amended complaint is granted and this suit is dismissed, with prejudice, at the cost of the plaintiff.

2. The several motions to intervene as parties plaintiff are denied.