[No. 4064.   Decided March 15, 1902.]

## LONDON AND SAN FRANCISCO BANK, LIMITED, v. ROSE CURTIS, *Appellant.*

LANDLORD AND TENANT — MONTHLY TENANCY — CHANGE IN RENT PAYING PERIOD — EFFECT.

Where a tenancy started as one for an indefinite time, with monthly rent reserved, the fact that, without any agreement for a change in the original tenancy, the tenant began paying rent for quarterly periods, which was accepted at her own request and for her own accommodation, would not operate to change a tenancy from month to month into one for quarterly periods.

Appeal from Superior Court, Pierce County.—Hon. THAD. HUSTON, Judge. Affirmed.

*J. W. A. Nichols* and *John C. Stallcup,* for appellant.

*Ellis & Fletcher,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—This is an action of unlawful detainer, The property in question was leased to the appellant by the respondent's grantor for an indefinite time, with a

monthly rent reserved, payable in advance. The respond-
ent acquired the property in 1896, and suffered the appel-
lant to remain in possession, without any special agreement
as to change in the terms of her contract of lease, other
than that the rent was raised from $12 to $15 per month.
The rent was paid monthly in advance from that time un-
til March, 1900, when two months' rent was paid. In
May of the same year four months in advance was paid;
in September three months' rent was paid; and again, in
December, three months' rent was paid; the last payment
paying the rent until the end of February, 1901. On
February 15, 1901, the appellant tendered three months'
rent, which the respondent refused to accept, notifying
the appellant that it desired to terminate the tenancy. The
appellant did not surrender possession at the end of Feb-
ruary, and the respondent on March 6th following served
upon her the statutory notice requiring her to quit and
surrender the possession of the premises at the end of that
month. On the trial the respondent's agents who col-
lected the rents testified that the acceptance of rent by them
for longer periods than one month was at the special re-
quest of the appellant, for her accommodation, and with-
out any agreement as to a change in the terms of the lease.
The appellant, although upon the witness stand, testified
as to the rental value of the premises, and to certain re-
ceipts and checks showing payments of rent to the respond-
ent's agents, but said nothing concerning any change in
the original terms of her tenancy, nor did she deny that
the acceptance by the respondent of rent for longer periods
of time than one month was at her request and for her ac-
commodation. The trial was had before the court and a
jury, and resulted in a verdict and judgment for the
respondent.

But one question is presented here, viz., is the verdict and judgment contrary to the evidence? The contention of the appellant on this question is that the respondent, by accepting rent for quarterly periods, changed the terms of the tenancy from one for an indefinite time with monthly rent reserved to one for an indefinite time with quarterly rent reserved; and concludes therefrom that there was no termination of the tenancy, as it could only be terminated, under the statute, at the end of the quarter, while the respondent sought to terminate it at the end of the first month thereof. Undoubtedly, if the tenancy was one for an indefinite time, with quarterly rent reserved, the tenancy could be terminated, other than by agreement of the parties, only at the end of such quarterly period. But we cannot think the evidence even justifies,—much less, conclusively establishes,—the conclusion the appellant seeks to draw therefrom. In this class of tenancies, in the absence of a special agreement fixing rent-paying periods, no doubt the periods adopted by the tenant and acquiesced in by the landlord would fix the time of such periods, but no such case is presented here. It is in evidence, uncontradicted, that the tenancy started as one for an indefinite time, with monthly rent reserved; that no change was ever made in this agreement; and that, such times as the tenant did pay rents for longer periods, it was so paid at her own request, for her own accommodation, and without anything being said as to a change in the original tenancy. Certainly such acts do not, as a matter of law, effect a change therein.

The judgment is affirmed.

REAVIS, C. J., and HADLEY, WHITE, ANDERS, MOUNT and DUNBAR, JJ., concur.