## CREEL v. ADAMS et al.

(Court of Appeals of District of Columbia. Submitted March 3, 1920. Decided April 5, 1920.)

No. 3315.

1. **Pleading** ⬅129(2)—**Fact not denied is admitted.**

In an action to recover possession of a leased house, where plaintiffs alleged, and defendant did not deny, that plaintiffs were bona fide purchasers, there was no fact for the consideration of the jury respecting such matter.

2. **Landlord and tenant** ⬅120(2)—**Notice to quit sufficient, notwithstanding mistake in name.**

Under Code, § 1221, requiring that notice from landlord to tenant by sufferance to quit shall be in writing, a written notice served on defendant, and giving him the required length of time within which to leave the premises, was sufficient, though it was addressed to "Wm." Creel, while defendant's name was Richard.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. **Landlord and tenant ☞285(I)—Departure from strict procedure immaterial.**

   Proceedings in landlord and tenant cases are informal, and if the substantial rights of both parties are preserved, a departure from strict procedure may be ignored.

Appeal from the Supreme Court of the District of Columbia.

Action by Lewis K. Adams and another against Richard H. Creel. From a judgment for plaintiffs, defendant appeals. Affirmed.

J. E. Thomas, of Washington, D. C., for appellant.

W. W. Millan and R. E. L. Smith, both of Washington, D. C., for appellees.

SMYTH, Chief Justice. The appellees, as plaintiffs, brought an action against Creel to recover possession of a house. There being a judgment in favor of the plaintiffs, the defendant brings the case here for review. He alleges that the affidavit filed by the plaintiffs, under rule 19, was insufficient; that the notice to quit did not comply with the requirements of the Code; and that the defendant was entitled to a trial by jury as to whether or not the plaintiffs were bona fide purchasers under the Saulsbury Resolution.

[1] The first and third assignments will be considered together. The plaintiffs alleged that they were bona fide purchasers of the premises, and the defendant did not deny it; therefore there was no fact, so far as that was concerned, for the consideration of a jury.

[2, 3] With respect to the second assignment, the notice to quit was addressed to "Wm." Creel; but the defendant admitted that it was served upon him, and that he was thereby given the required length of time within which to leave the premises. We think this satisfied section 1221 of the Code, which requires that the notice from the landlord to the tenant shall be in writing. It was from the landlord to the tenant and was duly served upon the latter. About this there is no dispute. The proceedings in landlord and tenant cases are informal, and if the substantial rights of both parties are preserved, a departure from strict procedure may be ignored. Even if this were not true, we think the notice was in accordance with the Code.

Because there is no merit in the appeal, the decision of the lower court is affirmed, with costs.

Affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes