## MERRITT v. THOMPSON.

### SAME v. GRIFFIN.

(Court of Appeals of District of Columbia. Submitted April 4, 1923. Decided May 7, 1923. Rehearing Denied May 15, 1923.)

#### Nos. 3905, 3906.

1. **Landlord and tenant ⬅116(5)—Landlord is bound by date stated for termination of tenancy.**

Under Code, § 1219, providing that a monthly tenancy may be terminated on 30 days' notice, the landlord is not required to so specify in the notice the date of the termination of the lease, but, having done so, he is bound by that date and must give the full 30 days' notice before that date.

2. **Time ⬅9(4)—Notice given July 1st to terminate monthly tenancy July 31st is not sufficient.**

A notice dated and served July 1st requiring tenants under monthly tenancies to vacate the premises on July 31st does not give the full 30 days required by Code, § 1219, under the rule excluding the first day and including the last, since the 30 days would not expire until midnight on July 31st.

Writ of Error to the Municipal Court of the District of Columbia.

Separate actions by John E. Merritt against Willie C. Thompson and against Charles W. Griffin, to secure possession of two apartments. Judgment for defendant in each case, and plaintiff brings error. Affirmed.

Webster Ballinger, of Washington, D. C., for plaintiff in error.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

VAN ORSDEL, Associate Justice. These cases are here on writ of error to the Municipal Court of the District of Columbia. Plaintiff in error brought these actions against defendants, tenants, to secure possession of two apartments in an apartment building in this city.

It appears that plaintiff purchased the Rochester Apartment House and both leases were assigned to him. On July 1, 1922, he served upon each of the defendants the following notice:

"I am the owner of the Rochester Apartment House, being premises numbered 1438 Meridian Place, N. W., Washington, D. C. You are in possession of apartment No. 5 as month to month tenant, commencing on the 1st day of each calendar month. I desire possession of said apartment for the immediate actual and bona fide occupancy of myself, my wife, my children and dependents. I hereby give you notice to vacate, remove from and quit said apartment on July 31, 1922."

The notice was the same in each case, excepting that portion designating the number of the apartment.

[1] The notice in each case sets out a monthly tenancy. The notices were dated and served on July 1, 1922, ordering defendants to quit on July 31st. The statute (D. C. Code, § 1219) provides that such a tenancy may be terminated on a 30-day notice. While plaintiff was not required to specify in the notice the date of the termination of the lease, having done so, he is bound by that date. He was required to give the full 30-days' notice before the end of the term. Byrne v. Morrison, 25 App. D. C. 72, 75.

[2] The notices were dated and served July 1st and made to expire on July 31st. By the rule of interpretation, excluding the first day and including the last, there were not full 30 days. Neither the tenancy nor the 30 days expired until midnight on July 31st, while the notice was to vacate, remove from, and quit the apartments on that date.

The notice for this reason was not in compliance with the statute, and, therefore, insufficient for the purpose of sustaining an action for possession. As this disposes of the appeals, it is unnecessary to consider the other errors assigned.

The judgments are affirmed, with costs.