## WEAVER et al. v. KOESTER.

(Court of Appeals of District of Columbia. Submitted December 6, 1923. Decided January 7, 1924.)

### No. 3963.

1. **Landlord and tenant ⬪119(2)—Tenants in possession after expiration of lease tenants by sufferance.**

Under Code, § 1034, tenants in possession of a property under a lease, which had expired, were tenants by sufferance.

2. **Landlord and tenant ⬪278½, New, vol. 11A Key-No. Series—Notice to quit held sufficient, regardless of use of property.**

A notice to quit, under Code, § 1221, "on the thirtieth day after service of this notice," "the said premises being necessary for me for my immediate personal occupancy after necessary repairs and alterations therein," *held* sufficient, under Rent Law, § 109 (e), as amended by Act May 22, 1922, § 9, to entitle plaintiff to possession, whether the property was being used for business purposes or not.

⬪For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. **Landlord and tenant** ⬤⟹278½, New, vol. IIA Key-No. Series—**Property held used exclusively for "business purposes."**

A building, the first story of which was used for a lunch room, the second for storage of surplus groceries, and the third for a sleeping room for help, *held* used exclusively for "business purposes," and hence, under Rent Law, § 101 (a), as amended by Act May 22, 1922, § 3, not within the provisions of the act.

[Ed. Note.—For other definitions, see Words and Phrases, Business Purposes.]

4. **Landlord and tenant** ⬤⟹120(1)—**Acceptance of rent after notice to quit held no waiver of right to possession.**

Where a 30-day notice to quit was served on May 1, 1922, *held*, that acceptance of rent for the month of May was not a waiver of the right to possession under the notice.

In Error to the Municipal Court of the District of Columbia.

Landlord and tenant proceeding by Randolph F. Koester, landlord, against Walter T. Weaver and another, tenants. Decree for landlord, and tenants bring error. Affirmed.

J. E. Padgett, W. H. Manogue, and William M. Lewin, all of Washington, D. C., for plaintiffs in error.

C. B. Garnett, of Washington, D. C., for defendant in error.

Before ROBB and VAN ORSDEL, Associate Justices, and BARBER, Judge of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. [1] This is a landlord and tenant proceeding. Appellee, plaintiff below, desirous of removing from his place of business 3522 M street, where he conducted a restaurant and lunch room, purchased the property here in question, 3200 M street. At the time of the purchase, plaintiffs in error were tenants in possession of said property under a lease 'which had expired. They were, therefore, tenants by sufferance. D. C. Code, § 1034.

[2] On May 1, 1922, plaintiff served on defendants a notice to quit, using the language of Code, § 1221, "on the thirtieth day after service of this notice." The notice also stated:

"The said premises being necessary for me for my immediate personal occupancy after necessary repairs and alterations therein."

After the expiration of 30 days, plaintiff demanded possession, and, being refused, brought this action. From a judgment in favor of plaintiff, defendants are here by writ of error.

[3] The case is a clear one; the notice was sufficient under the provisions of the Rent Law to entitle the plaintiff to possession, whether the property was being used for business purposes or not. The owner, having purchased it, and desiring to place it under repairs for use in business, was entitled to the possession. We think, however, that the evidence to the effect that the first story was used for a lunch room, the second for storage of surplus groceries, and the third for a sleeping room for help comes within the provisions of the statute relating to property used exclusively for business purposes. That being true, under section 101 (a) of the Act of May 22, 1922 (42 Stat. 544), this

⬤⟹For other cases see same topic & KEY—NUMBER in all Key-Numbered Digests & Indexes

property is not within the provisions of the Rent Act. However, if the property were not used exclusively for business purposes, plaintiff would be entitled to prevail under section 109 (c) of the Rent Law, since the notice sufficiently complied with the statute, setting forth the fact that the property is needed for the use and occupancy of the owner and "for the making of material repairs or alterations therein."

[4] Notice was served on the 1st of May, 1922, and it is insisted, inasmuch as plaintiff accepted rent for the month of May, he thereby waived his right to possession under the notice. The 30 full days did not expire under the notice until the 1st day of June. Merritt v. Thompson, 53 App. D. C. 233, 289 Fed. 631. The contention as to waiver is therefore without merit.

The judgment is affirmed, with costs.