242

## YOUNG et al. v. BAUGH.
### No. 155.

Municipal Court of Appeals for the District of Columbia.

Jan. 6, 1944.

Horace O. Pollard and George E. C. Hayes, both of Washington, D. C., for appellants.

M. M. Doyle, of Washington, D. C. (S. Albert Mickler, of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

Plaintiffs sued in the Landlord and Tenant Branch of the trial court to recover possession of real estate owned by them and which they claimed they desired for their "immediate and personal use and occupancy as a dwelling" under the provisions of Section 5 (b) (2) of the District of Columbia Emergency Rent Act.[1] The trial court directed a verdict against them on the sole ground of the insufficiency of the notice to quit. They appeal.

There is no question that the tenancy here involved is one from month to month, and that under the Code, § 45—902, tenant was entitled to a 30 days' written notice to quit, "said notice to expire * * * on the day of the month from which such tenancy commenced to run." Here that day was the first of the month.

The notice to quit was dated and served on June 30, 1943, and demanded that tenant quit the premises "at the end of thirty (30) days after the beginning of your next month's tenancy, which begins on July 1, 1943."

Excluding June 30, the date of service, there is no question that the tenant had at least 30 days' notice. That leaves for decision the question whether the notice complied with the statutory requirement that it expire on the day of the month from which the tenancy commenced to run—here August 1, 1943.

The trial court held that the notice expired on July 31, and was therefore invalid. We take a different view.

As we read the notice, the first day of July must be excluded because it gives 30 days' notice "*after* the beginning of your next month's tenancy, *which begins* on July 1, 1943.*" Commencing the count on July 2, we find the thirtieth day to be July 31. The notice does not say that it is to expire *on* July 31; it does not use the word *expire* at all. It demands that the tenant vacate "*at the end of thirty days after*" July 1. In our opinion, "at the end of" July 31 naturally means at *midnight* of that date. At the stroke of midnight on July 31, the clock did not stand still; August 1, a new "rent day", or monthly tenancy, was immediately ushered in. It was on that date that the notice should be considered as having expired, giving to the tenant all of August 1 in which to vacate. This was not only a substantial but an ac-

1 Code 1940, § 45—1601 et seq.

tual compliance with the statute. In a situation like this the law does not take cognizance of fractions of a day—much less of fractions of a minute.

If the tenant received more than 30 days' notice he cannot complain,[2] provided the notice expired on August 1.

Our decision is in harmony with the holding in Merritt v. Thompson, 53 App.D.C. 233, 289 F. 631, to the effect that a landlord is not required to specify in the notice the date of expiration, but is required to make the notice run for a full 30 day period. It is in harmony also with the decisions in Byrne v. Morrison, 25 App.D.C. 72, and McCoy v. Duehay, 51 App.D.C. 363, 279 F. 1001.

Aside from the decisions in this jurisdiction we have found little help in the books; text writers, and judges as well, have dealt with cases arising under the common law or in states where no statute existed or where the statutes were vague as to length of notice, expiration date, or both.[3] Consequently, rules of reason resulted, based sometimes on local usage, sometimes on principles of natural justice; but furnishing no solution to this problem, because none of their writings dealt with a statute like ours.

We have, however, found two decisions which are of some guidance. One is Aitkin Lodge v. Troppman, 179 Minn. 349, 229 N.W. 312, which held that a notice demanding possession "on the termination of May 20" meant that the tenant was required to surrender possession on the following day, May 21st. Another is Eddins v. Galloway Coal Co., 1921, 205 Ala. 361, 87 So. 557, 558, where a notice was served on July 27 to become effective at midnight on the last day of the next month, viz., August 31, a time coincident with the end of the next monthly period. The Court said: "This notice was sufficient, and operated to terminate the defendant's possessory right at the point of time stipulated in the notice."

Here the tenant was told to quit at the termination of July 31st. This, as we have already said, gave her all of the next day (August 1—a date commemorating the beginning of her tenancy) in which to vacate. This met the statutory requirement. See our opinion in Klein v. Miles, D.C. Mun.App., 35 A.2d 243, decided this day.

Undoubtedly the safest way to terminate a month to month tenancy would be to draw a notice specifically naming the expiration date on a recurring date of the beginning of the tenancy, and then count back at least 30 days before serving the notice, making sure that the date of service is excluded under the rule above referred to. But that does not mean that there is no other way of doing it. A notice prepared in some other way will (if otherwise proper) meet the statutory requirement so long as (a) the notice runs for at least thirty days, excluding the date of service, and (b) it expires on the day of the month from which the tenancy commenced to run.

We hold the notice in this case was legal, operated to terminate the tenancy and formed a proper and sufficient basis for the possessory action. Reversed and remanded with instructions to award a new trial.

Reversed.

---

[2] Boss v. Hagan, 49 App.D.C. 106, 261 F. 254, 8 A.L.R. 1508.

[3] See Taylor, Landlord and Tenant, 9th Edition, Section 477; Tiffany, Landlord and Tenant, Volume II, Page 1446, Sections 200, 201.