KLEIN v. MILES et al.

No. 148.

Municipal Court of Appeals for the District of Columbia.

Jan. 6, 1944.

Herman Miller, of Washington, D. C., for appellant.

Charles H. Houston, of Washington, D. C., for appellees.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

This is an appeal from a judgment for possession of real estate. The tenant appeals on the single ground that the notice to quit was defective.

The tenant went into possession under a lease dated December 1, 1941, creating a term "for a period of one year, ending December 15, 1942, and commencing on the 15th day of December, 1941, at and for the rent of Seven Hundred Twenty 00/100 ($720.00) Dollars payable in monthly installments of Sixty Dollars, in advance." At the expiration of the lease the tenant continued in possession, and the lease pro-

vided that in such event he should become a tenant by the month. The parties agree that appellant at the time this action was filed was a tenant by the month, but they do not agree as to when such monthly tenancy commenced. The landlord contends that the written lease was for one year, commencing on December 15, 1941, and, therefore, it ended at midnight of December 14, 1942, at which time the monthly tenancy commenced. On the other hand, the tenant contends that the lease by its express wording extended through December 15, 1942, and, therefore, the monthly tenancy commenced December 16, 1942. Consequently, he says, he was entitled to remain in possession throughout the entire day of the 15th and the notice to quit was defective in requiring him to vacate on that day.

There is a patent ambiguity in the lease, because a term of one year commencing on the 15th day of December, 1941, would necessarily expire on December 14, 1942; yet the lease describes the term as "ending December 15, 1942." The trial court, in a memorandum denying a new trial, stated: "The language 'ending December 15, 1942' was simply an inadvertent error on the part of the draftor of the lease, in that it necessarily follows that a term commencing on the 15th day of December, 1941, for a period of one year, ended as of midnight, December 14, 1942, and consequently the new monthly term started as of the 15th day of December, 1942."

We think this interpretation of the lease is correct. In the construction of a contract the primary rule is that the court endeavor to ascertain the substantial intent of the parties as expressed by their language;[1] and we think it is evident that the parties intended to create a term of one year beginning December 15, 1941, and did not intend, as the tenant maintains, to create a term of a year and a day. In our opinion the expressions "one year" and "commencing on the 15th day of December, 1941," outweigh the expression "ending December 15, 1942." Moreover, the rent was payable in twelve monthly installments, indicating that the term was for twelve months.

The tenant relies upon the rule that where an agreement is susceptible of two interpretations, the court should adopt

---

[1] F. W. Woolworth Co. v. Petersen, 10 Cir., 78 F.2d 47; Chesapeake & Ohio Canal Co. v. Hill, 15 Wall. 94, 21 L.Ed. 64.

the one most unfavorable to the party preparing the agreement, that is, to the landlord. This is a well recognized rule of construction;[2] but we think the more applicable rule is that great, if not controlling weight is to be given to the practical construction placed on the contract by the conduct of the parties. "There is no surer way to find out what parties meant, than to see what they have done." Brooklyn Life Insurance Co. v. Dutcher, 95 U.S. 269, 273, 24 L.Ed. 410. "Tell me what you have done under a deed, and I will tell you what that deed means." Lord Chancellor Sugden, in Atty. Gen. ex. rel. Quin v. Drummond, 1 Drury & War. 363, as quoted in Waters v. Kopp, 34 App. D.C. 575, 580.

Checks in payment of rent were always drawn by the tenant on the 15th day of the month and marked as payment of rent from the 15th day of one month to the 15th day of the following month. Here is strong evidence that the tenant recognized that his monthly tenancy commenced on the 15th and not on the 16th day of the month. This and the other considerations we have mentioned lead us to the opinion the trail judge was correct in holding that the monthly tenancy commenced on December 15, 1942.

■■ The tenant contends that even if the monthly tenancy commenced on the 15th of the month, the notice to quit was nevertheless defective. That notice, dated June 11, 1943, and served on June 12, notified the tenant to vacate and quit the premises "thirty days after the 15th day of June, 1943." It added: "This notice expires July 15, 1943."

Section 45—902 of the Code provides: "A tenancy from month to month, or from quarter to quarter, may be terminated by a thirty days' notice in writing from the landlord to the tenant to quit, or by such a notice from the tenant to the landlord of his intention to quit, said notice to expire, in either case, on the day of the month from which such tenancy commenced to run."

The tenant says that the notice is made to commence after June 15 and therefore he was not given full thirty days' notice to quit prior to July 15. It is well established that the tenant is entitled to a full thirty days' notice;[3] and if the notice in the present case is computed from June 15, the tenant did not have full thirty days' notice prior to July 15, the day he was required to vacate. However, we think the tenant is in error in contending that the notice did not begin to run until after June 15. The notice was served on June 12 and under the rule of construction in this jurisdiction began to run the following day. The direction in the notice to quit thirty days after June 15 was simply a designation of the date on which the tenant was required to vacate. The notice fixed July 15, as the date on which the tenant was required to vacate but did not fix the day on which the notice commenced to run. That day is fixed by service of the notice.

In substance, the Code requires that the tenant be given at least full thirty days' notice to quit, and that he cannot be required to quit within a monthly period but only on the day following the end of a monthly period. If the landlord had served notice on the tenant on June 12, to vacate on July 15, he would have complied with the Code requirement and we think that is in substance what this landlord did. See our opinion of this date in Young v. Baugh, D.C.Mun.App., 35 A.2d 242.

Our holding is not in conflict with the decision in Merritt v. Thompson, 53 App. D.C. 233, 289 F. 631. In that case notice was served on July 1, requiring the tenant to vacate on July 31. A full thirty days was not allowed between the date of service and the date the tenant was required to vacated. Furthermore, the notice demanded that the tenant vacate on July 31, which day was a part of the monthly tenancy commencing on the 1st of the month, and the tenant was entitled to remain in possession during the entire monthly period and could not be forced to vacate on the last day of the month. The court specifically pointed out that the monthly tenancy there did not expire until midnight of July 31, and the tenant could not be required to quit on that day. Here, the monthly period commenced on June 15, and expired at midnight of July 14. The tenant was given more than thirty days' notice

2 Nicolopole v. Love, 39 App.D.C. 342; American Surety Co. v. Pauly, 170 U. S. 133, 18 S.Ct. 552, 42 L.Ed. 977; Mc-

Devitt v. Waple & James, Inc., D.C.Mun. App., 34 A.2d 39.

3 Merritt v. Thompson, 53 App.D.C. 233, 289 F. 631.

and was required to quit on July 15, the day of the month on which his tenancy commenced to run, and therefore was a valid and effective notice.

Affirmed.