## McNEIL v. PEOPLES LIFE INS. CO.
### No. 297.

Municipal Court of Appeals for the
District of Columbia.

July 27, 1945.

Donald S. Caruthers, of Washington, D. C. (Robert W. McMillan, of Washington, D. C., on the brief), for appellant.

Joseph F. Castiello, of Washington, D. C. (Austin F. Canfield and William T. Hannan, both of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

This appeal involves the construction of a collective bargaining agreement between the insurance company and the union representing the company's agents, of whom appellant was one.

A previous agreement expired March 31, 1942, and it was orally agreed by the company and the union that the provisions of the expired contract should be extended pending the execution of a new agreement. Negotiations resulted in a contract executed on October 30, 1942, beginning as follows: "This agreement, made and entered into this 30th day of October, 1942, effective ————, by and between * * *." The effective date was not inserted for the reason that the contract provided for an increase in the compensation of the agents, which required approval by the War Labor Board. The executed contract was submitted to the War Labor Board and approved by it on January 26, 1943, and thereupon "February 1st, 1943," was inserted as the effective date of the contract.

The contract provided that the increased compensation should be retroactive to the expiration date of the prior contract.

---

[2] Washington, A. & Mt. V. R. Co. v. Lukens, 32 App.D.C. 442, 454.

[3] Mourison v. Hansen, 128 Conn. 62, 20 A.2d 84, 86, 136 A.L.R. 413.

Appellant was in the employment of the insurance company as an agent on March 31, 1942, and so continued until January 15, 1943. For this period he was paid on the basis prescribed by the contract which expired March 31, 1942. He claimed to be entitled to the increased compensation provided in the contract executed October 30, 1942, whose effective date was stated to be February 1, 1943. The trial court found against this contention.

Our sole inquiry is whether the retroactive provision relating to increased compensation applied to one who had left the company's employment prior to the effective date of the contract. In construing the contract we must endeavor to ascertain the substantial intent of the parties as expressed by the language employed by them. Klein v. Miles, D.C.Mun.App., 35 A.2d 243; Tweed v. Buckner, D.C.Mun.App. 39 A.2d 203. A collective bargaining agreement represents an accord between the employer and the bargaining representative "as to terms which will govern hiring and work and pay," J. I. Case Co. v. National Labor Relations Board, 321 U.S. 332, 334, 335, 64 S.Ct. 576, 579, 88 L.Ed. 762, and such an agreement "ought to be construed not narrowly and technically but broadly and so as to accomplish its evident aims." Yazoo & M. V. R. Co. v. Webb, 5 Cir., 64 F.2d 902, 903.

We think it is evident that when the old contract expired both parties agreed that it was desirable that the terms of the expired contract be extended while a new one was negotiated, and that when it developed that the negotiations consumed a period of six months, it was agreed that the increased rate of compensation fixed in the new contract should be retroactive to the date of the expired contract. The parties were thus in agreement on October 30, 1942, but since the increased compensation required approval of the War Labor Board, the effective date of the contract was left in blank, to be filled in after such approval was obtained. But it is plain that the parties, in October 1942, were in agreement that the increased pay, when approved by the War Labor Board, would be operative from March 31, 1942. The effective date of the contract, depending on approval by the Board, was uncertain, but there was no uncertainty as to the agreement that the increase in pay, when and if approved, would be retroactive. From the time the old contract expired to the execution of the new agreement and then until within two weeks of approval by the Board, appellant was employed by the company and was represented by the union in the negotiations. To deprive him of the increased pay simply because he was not employed on the so-called effective date of the contract would, in our opinion, require plain and express language in the contract to that effect. We find no such language. Our conclusion is that upon approval of the contract by the War Labor Board appellant became entitled to the increased compensation from March 31, 1942, to the time he left the company's employment.

Reversed.