**GLOBE CLOTHING SHOP, Inc., v. SKOLNICK et al.**

**No. 444.**

Municipal Court of Appeals for the District of Columbia.

Dec. 16, 1946.

Rehearing Denied Dec. 24, 1946.

Herman Miller, of Washington, D. C., for appellant.

Alvin L. Newmyer, of Washington, D. C. (David G. Bress and Alvin-L. Newmyer, Jr., both of Washington, D. C., on the brief), for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Plaintiffs sued for possession of business property occupied by defendant as a tenant by sufferance. The only defense presented at trial was the alleged insufficiency of the notice to quit. The trial court held the notice sufficient and judgment was entered for plaintiffs.

The notice stated that the tenant was given thirty days' notice to quit and concluded with the statement: "This notice expires on the 30th day after the day of the service of this notice." Code Section 45—904 provides that a tenancy by sufferance may be terminated at any time by a notice in writing from the landlord to quit the premises "on the 30th day after the day of the service of the notice." The notice in question substantially complied with the statute and was sufficient. Weaver v. Koester, 54 App.D.C. 80, 294 F. 1011. Numerous cases have construed Code Section 45—902, relating to termination of tenancies from month to month, to require full thirty days' notice between date of service and the end of the tenant's term,[1] but those

---

[1] Merritt v. Thompson, 53 App.D.C. 233, 289 F. 631; Young v. Baugh, D.C.Mun. App., 35 A.2d 242; Klein v. Miles, D.C. Mun.App., 35 A.2d 243.

cases have no application here, for they construe a differently worded section relating to a different type of tenancy. We cannot ignore the plain words of the applicable section.

 It is further contended that the notice was defective in being addressed to "The Globe Clothing Shop," without designating addressee as a corporation, partnership or individual. This contention has no merit. At trial defendant stipulated that the notice was personally served on it and no claim is made that it was in any way misled by the notice. Even if the notice was defective, the defect was purely formal and may be ignored. Creel v. Adams, 49 App.D.C. 306, 265 F. 456.

██ Defendant's final point is that the suit was brought prematurely because the complaint was sworn to by plaintiffs on the 30th day after service of notice to quit. However, suit was not filed until two days later, and regardless of the time the complaint was sworn to, it cannot be said the action was brought prematurely. The action was commenced when the complaint was filed, not when it was verified. Rule 13, Landlord and Tenant Branch, Municipal Court.

Affirmed.