**WYNN et al. v. WASHINGTON et al.**

No. 495.

Municipal Court of Appeals for the
District of Columbia.

May 28, 1947.

Emory B. Smith, of Washington, D. C., for appellants.

Albert Brick of Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

In this action for the possession of housing acommodations the tenants appeal from a judgment of the trial court in favor of the landlords.

The first and principal error alleged is that the 30-day notice to quit was improper and inadequate. It is urged by appellants that the notice required them to surrender possession of the premises on the thirtieth day after service. We believe they are mistaken in their construction of the notice. The tenancy, which was from month to month, began on the third of the month, and rent was payable on that day. The notice to quit, signed by both appellees, was dated and served on October 18, 1946. It required appellants to vacate the premises "on the 3rd day of December, 1946." There was added the statement "This is a 30 days' notice to quit in accordance with the Code of Laws for the District of Columbia." It is clear that the latter sentence was merely descriptive of the notice. It results that the notice fully met the requirement of D.C.Code 1940, § 45—902, that a tenancy from month to month may be terminated by 30 days' notice in writing from the landlord to the tenant to quit, said notice to expire "on the day of the month

from which such tenancy commenced to run."[1]

The second assignment of error is a procedural one. The trial of the case took place in the Landlord and Tenant Branch of the Municipal Court, which convenes at 9:30 a. m. Counsel for the respective parties arrived in court at different times. The landlords' attorney was first excused to go to another court and had not returned when the tenants' attorney arrived and was also excused to go to another court on the understanding he would return by 12 o'clock. He actually returned five minutes before 12 and found the trial in progress. Tenants' attorney protested, and thereupon the trial judge inquired what, if any, defense there was to the action, and tenants' attorney then advised the court that "all he had was a technical defense to the thirty days' notice." The court then heard counsel's argument on that point and subsequently ordered judgment for the landlords. It is this irregularity of procedure which is assigned as error.

The hearing of the case on the merits in the absence of tenants' counsel was not in accordance with the usual or acceptable procedure, but there is no indication that the tenants were harmed by the departure in this case. By stating that the only defense had to do with the sufficiency of the 30 days' notice counsel waived other defenses which he might have had.

The final error alleged is that while the action was brought in the names of both landlords, who are man and wife, the husband alone verified the complaint. While this objection was not raised in the trial court and therefore ordinarily would not be considered on appeal, we entertain it because of the procedural question already discussed. The point is not well taken. The husband verified the complaint individually and on behalf of his wife. It is agreed that the landlords held the property as tenants by the entirety. In such case a possessory action may be brought by either,[2] and hence it was not necessary here for the wife to join in verifying the complaint. Furthermore, the action was brought as a summary proceeding, D.C. Code 1940, § 45—910, which requires that the procedure specified in D.C.Code 1940, § 11—735, be followed. The latter section provides that the complaint shall be verified by the "person aggrieved" or "by his agent or attorney, having knowledge of the facts." Hence the verification by the husband, both for himself and as agent for his wife, was authorized by the statute.

No error appearing, the judgment is

Affirmed.

---

[1] Young v. Baugh, D.C.Mun.App., 35 A. 2d 242.

[2] David v. Nemerofsky, D.C.Mun.App., 41 A.2d 838.