## SANDLER v. WERTLIEB.
### No. 622.

Municipal Court of Appeals for the District of Columbia.

July 1, 1948.

Jacob Sandler, of Washington, D.C., for appellant.

Harry W. Goldberg, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Plaintiff Norman Wertlieb sued for possession of an apartment in a building which he and his wife had purchased some three months before as tenants by the entirety. He based his suit on the claim that he required possession in good faith for his immediate and personal use and occupancy as a dwelling, as authorized by the District of Columbia Emergency Rent Control Act. Code 1940, Supp. V, § 45—1605. The jury awarded possession to plaintiff and defendant brings this appeal.

Two questions are involved: (1) the validity of the notice to quit, and (2) the propriety of the suit being filed in the name of the husband alone.

1. *The notice to quit was valid.*

Plaintiff claimed that defendant was a tenant at sufferance and that therefore the notice to quit which expired thirty days from December 20, 1947, was valid because such a tenancy may be terminated at any time by a thirty-day notice to quit in accordance with Code 1940, § 45—904. But the tenant insists that under a certain agreement he was entitled to a notice expiring on the day of the month from which his tenancy commenced to run; that his tenancy commenced on the first of the month and therefore this notice was invalid.

To support this contention he testified that he had lived in this apartment (after first occupying another apartment in the same building) since 1940; that his rent had always been due on the first of the month; that sometime in October 1940, Shannon and Luchs, agents for the former owners of the building, tendered him a lease on this apartment for a period of one year commencing November 1, 1940; "that he is not sure but he thinks he executed said lease in duplicate and returned one copy of said lease to Shannon and Luchs." At another point in his testimony he said he did not remember whether or not he sent the duplicate to Shannon and Luchs. He produced a paper purporting to be a duplicate of said lease. It contained a clause entitling him, if he held over, to a thirty-day notice to quit expiring on the day of the month from which the tenancy commenced to run. On cross-examination he said that

he had the duplicate in his possession since 1940 but that he had never delivered it to Shannon and Luchs for signature and had received no other lease agreement subsequent to 1940. The copy of the purported lease was dated the "———— day of October, A. D. 1940"; it was not signed by Shannon and Luchs or witnessed by anyone; it was signed only by the tenant. Therefore it established nothing. It was not a lease, but only an unexecuted draft which was in no way binding on the then landlord or its successor, the plaintiff. It did not even bind the tenant for there was no real proof that a copy with his signature was ever delivered to Shannon and Luchs.

 It is true defendant said he had compared such duplicate copy with prior leases and that it was "exactly as the prior lease he had executed." But that statement can have no probative value towards creating a tenancy which by its very nature depends upon some kind of writing. Moreover, any earlier lease the tenant had with Shannon and Luchs obviously covered a different apartment; he did not say he had any prior lease on the apartment involved in this litigation. In view of the highly equivocal nature of defendant's testimony it cannot be said that he was a "monthly tenant" of the type he seemingly claimed to be or that he was entitled to a notice expiring on his rent day, under the alleged earlier agreement. On the contrary, the evidence showed him quite clearly to be a tenant at sufferance, for he was in possession under a mere verbal hiring. Code 1940, § 45—820. See Warthen v. Lamas, D.C. Mun.App., 43 A.2d 759. The trial judge was correct in holding that the notice to quit was valid.

The appellant relies on Hampton v. Mott Motors, D.C.Mun.App., 32 A.2d 247. But there is nothing in our decision in that case which is not in harmony with what we are deciding here.

2. *The suit was not improperly filed in the name of Norman Wertlieb alone.*

 Plaintiff and his wife owned the building as tenants by the entirety. In this jurisdiction such an estate is indivisible and is vested in the marital entity of husband and wife. Together they are seized of the entire estate. One cannot dispose of his interest without the other. When the husband filed this suit he was proceeding in the interests of his wife as well as himself. We have held that where husband and wife own property by the entireties a possessory action may be brought by either, Wynn v. Washington, D.C.Mun.App., 53 A.2d 275, and that a judgment in such an action inures equally to the benefit of the co-tenant by the entireties, David v. Nemerofsky, D.C.Mun.App., 41 A.2d 838.

For the reasons stated it is clear that the rights of the tenant have been fully protected and that the judgment must be

Affirmed.