## ZOBY v. KOSMADAKES.

No. 650.

Municipal Court of Appeals for the District of Columbia.

Sept. 27, 1948.

Rehearing Denied Oct. 12, 1948.

---

[7] Code 1940, Supp. V, § 45—1610(a).

Herman Miller, of Washington, D. C., for appellant.

Harry J. Breithaupt, Jr., and W. Cameron Burton, both of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

This was a suit for possession of an apartment brought by the owner of the

building on the ground that he required it for his immediate and personal use as a dwelling under the local Rent Act.[1] A jury awarded possession to plaintiff and defendant brings this appeal.

The two grounds on which reversal is demanded were suitably raised in the trial court by motion for instructed verdict.

1. It was conceded that this was a monthly tenancy and that it commenced to run on the first day of the month. The notice was dated and served on January 2, 1948, and read in part:

"This notice will expire on the day of the month from which your said tenancy commenced to run, which shall first occur thirty (30) days next after the service of this notice upon you."

Appellee construed this notice to require appellant to vacate on February 1 and upon her failure to do so this action for possession was commenced on February 19. It is appellant's contention that the notice was insufficient in that a full thirty days did not elapse between the day of service of the notice and the day she was required to vacate. Appellee concedes that thirty days did not elapse between those dates but insists that in computing the thirty days there may be included the day on which the tenant is required to vacate.

The code provision respecting thirty days' notice to quit, particularly where a monthly tenancy is involved, has been the subject of endless controversy in the District of Columbia and of numerous court decisions in each of which the factual situations differed somewhat, and therefore we think we should re-examine and attempt to clarify the entire subject.

■ First, it is important to consider the nature of the tenancy in question. Generically a tenancy from month to month can be classed as a "periodic tenancy" as opposed to a tenancy for a certain period on the one hand and a tenancy at will on the other. It is a tenancy for a month certain plus an expectancy or possibility of continuation for one or more similar periods. This latter interest is not only its distinguishing feature, but also explains the reason for the notice requirements of the common law and the code. Until rightful notice of termination is given this expectancy ripens at the turn of each month into a true tenancy for the ensuing month. Both landlord and tenant have a right to rely upon this characteristic of the tenancy. Thus notice is required, and obviously must be given before the end of one month at which time the expectancy will have "vested." As a direct consequence, at common law, a tenant who holds over after the end of the month and after rightful notice is subject to an exercise of an option by the landlord to treat him as a wrongdoer or hold him for another month's rent.[2]

■ It is in the light of this background that we must examine the code provisions for notice. It must be remembered also that even sufficient notice does not in and of itself allow the institution of an action for possession. The notice merely cuts off the future expectancy, and thereupon the tenancy for the terminal month runs its course. Upon the occurrence of both events the landlord may maintain action for possession as the tenant is then holding over.

The code provides in part:

"A tenancy from month to month * * * may be terminated by a thirty days' notice in writing from the landlord to the tenant to quit * * * said notice to expire * * * on the day of the month from which such tenancy commenced to run."[3]

■ Coupling this section with the method of counting time employed in this jurisdiction, we have three definite requirements for a good notice: (1) Thirty full days' notice; (2) counted by excluding the day of service and including the last day; and (3) expiration of the notice on the day from which the tenancy began to run.

■ Examining these requirements more critically, we observe that the tenant may receive more than thirty days' notice and yet receive valid notice. The tenant can not complain provided he is not forced

---

[1] Code 1940, Supp. V, § 45—1601 et seq.

[2] Tiffany, Real Property, 3rd Ed., §§ 170, 175.

[3] Code 1940, § 45—902.

to vacate before the end of the term.[4] On the other hand, it is patent that a notice which expires on the second day of a month (where the tenancy begins on the first day) does not comply with the code. Thus we come to the precise facts of the case at bar, and our inquiry is whether that midnight lying midway between the last day of the terminal month and the first day of the new month can be the beginning of the thirtieth day of notice or whether it must be its termination.

We think that the latter construction is the correct one. Here the notice was served on January 2 and hence the thirtieth day was February 1. If it be assumed that the first day of the new month may be the last day of notice, several incongruous results become apparent. Rightful notice has been given and yet the landlord does not have the right to demand possession although the tenant holds over one day. Nor may he exercise his option and hold the tenant for another month's rent. Furthermore this is inconsistent with the fundamental concept of a tenancy from month to month. The notice to quit, the purpose of which is to cut off the "expectancy", i. e. to terminate the tenancy, does not achieve efficacy until after the turn of the month when the expectancy has ripened into another month "in possession."

On the other hand, suppose that the notice in the case at bar had been given one day earlier. Then counting thirty days, eliminating the day of service and counting the last day, the notice expired with the passing of midnight January 31. It expired on the day "from which" the tenancy began to run; it was the arrival of this day at midnight which terminated the notice period. The code provisions were fulfilled and the results are harmonious with the properties of a monthly tenancy. The leasehold and the notice expired at the same moment; the landlord had a right to possession on the first day of the new month; the "expectancy" was timely terminated at the end rather than in the middle of a period. Logically we must interpret this code section to mean that the midnight dividing the last day of one month

and the first day of the next can be only the end of the notice period.

We hold that the thirty days' notice required to terminate a tenancy from month to month may not include the day on which the tenant is required to vacate. We believe this decision to be entirely consistent with Merritt v. Thompson, 53 App. D.C. 233, 289 F. 631. We believe it is also consistent with Young v. Baugh, D.C. Mun.App., 35 A.2d 242, and Klein v. Miles, D.C.Mun.App., 35 A.2d 243. In each of the latter cases in which the notice was found sufficient, the tenant was required to vacate on the day on which the tenancy began to run, but, excluding that date, the tenant received a notice of thirty days or more.

However, there is an additional factor to be considered in this case. The lease between the parties provided that the tenant (if not in default) "shall be entitled to not less than 30 days notice to vacate * * * which notice shall be given, in writing, at least 30 days before said tenancy is intended to be terminated * * *." This contract substitution for the code provisions is undoubtedly a valid one.[5] However, it does not alter our decision in this case. The landlord could not have intended to terminate the lease before the end of the last day of the month; such would have been a nugatory act. Nor can it be presumed that he intended to terminate it later than the last minute of the term. As observed above, that would not be consistent with the character of the tenancy.

We conclude, therefore, that the present action was filed prematurely under the terms of the notice as given and hence should have been dismissed by the trial court.

2. Since our decision means that another suit must be filed, we deal also with appellant's next contention that because plaintiff and his wife owned the property as tenants by the entireties the wife was a necessary party plaintiff and that it was error to permit the husband to maintain the suit alone. The contention has no merit. We have held that where husband and wife own property by the en-

---

[4] Klein v. Miles, D.C.Mun.App., 35 A. 2d 243.

[5] Code 1940, § 45—908.

tireties a possessory action may be brought by either, Wynn v. Washington, D.C.Mun. App., 53 A.2d 275, and that a judgment in such an action inures equally to the benefit of the co-tenant by the entireties, David v. Nemerofsky, D.C.Mun.App., 41 A.2d 838. Both of these cases we very recently cited with approval in Sandler v. Wertlieb, D.C. Mun.App., 60 A.2d 222, where we held that the husband in filing the suit was proceeding in the interests of his wife as well as himself. The tenant has no ground at all to complain of the fact that the suit was filed by the husband alone.

Moreover, the record contains the rental agreement under which the tenant originally went into possession in 1936, together with an assignment thereof to Nicholas Kosmadakes endorsed thereon which was, according to the record, "conceded by the defendant to be the rent agreement for the premises in question, properly assigned to the plaintiff." It is clear, therefore, that aside from his right to sue as owner the plaintiff was vested with the right of entry and of suit for possession as assignee of the rental agreement. McFarlane v. Kirby, 28 App.D.C. 391; Koehne v. Harvey, D.C. Mun.App., 45 A.2d 780, and cases there cited.

Reversed.

CAYTON, Chief Judge (dissenting).

This same question had, I thought, been settled when it was here before in Klein v. Miles, D.C.Mun.App., 35 A.2d 243, and in Young v. Baugh, D.C.Mun.App., 35 A.2d 242. In the Young case we were at pains to chart the method of computing time in preparing and serving such a notice, and we ruled that in a monthly tenancy case a notice satisfied the statute if (a) excluding the day of service and including the day of expiration it gave the tenant thirty days notice to quit and (b) it expired on the day of the month from which the tenancy commenced to run. In that case there was an application for appeal to the United States Court of Appeals which that Court denied, March 27, 1944, No. 8670.

Now, however, a new rule is being announced which I have some difficulty in following. If the ruling means that in preparing a notice to quit a landlord must start with the expiration date and count back thirty-one days instead of the thirty days prescribed by the statute, the ruling is obviously wrong. It is just as wrong in prescribing that the notice may not include the day on which the tenant is required to vacate. This can only mean that in the future such notices are to expire not "on the day of the month from which such tenancy commenced to run," Code 1940, § 45—902, but on the day afterwards. I cannot escape the conclusion that either view is mathematically incorrect and legally unsound. Merritt v. Thompson, cited by the majority, does not require such a holding.

But even if I am completely wrong about this, the notice in this case is still good because the parties have exercised their right under the Code, § 45—908, to substitute "a longer or shorter notice" than the statutory one. These parties did agree in writing that the tenant (if not in default) "shall be entitled to not less than 30 days notice to vacate * * * which notice shall be given, in writing, at least 30 days before said tenancy is intended to be terminated." This language is much less exacting than that of the Code, because it does not require that the notice terminate on any particular day of the month: it requires only that notice be given "at least 30 days before said tenancy is intended to be terminated." The notice given in this case clearly met that contractual minimum.