## CONRAD v. PISNER.

### No. 1025.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 26, 1951.

Decided March 27, 1951.

Rehearing Denied April 5, 1951.

Albert Langerman, Washington, D. C., for appellant.

Ben Lindas, Washington, D. C., Joseph H. Schneider, Washington, D. C., on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Defendant appeals from a judgment of the trial court awarding plaintiff possession of a dwelling. A jury found that plaintiff sought in good faith to recover possession for the immediate purpose of substantially altering and remodeling the property. The plans for this work had been filed with and approved by the District of Columbia Commissioners before suit was brought, one of the prerequisites for gaining possession under the Rent Act.[1]

The property, which defendant has leased in its entirety for many years, is a two-story building. She runs a beauty parlor on the first floor and utilizes the rear and the second floor for living quarters. Plaintiff purchased the building and two similar adjoining ones a short time ago. It is his intention that all three be remodeled. Plans, approved by the Commissioners for work on this particular building call for substantial changes on both floors including the installation of a staircase, new flooring, a bathroom (at present there is a water closet in the back yard), a kitchen, a new heating system and the removal and building of several partitions. Introduced in evidence was a contractor's bid for this work at a cost of approximately $6000.

An argument is raised by defendant that there was no sufficient basis for the jury's finding that the plaintiff in good faith sought possession in order to substantially remodel the building. We have said many times that the question of good faith lies particularly within the province of the triers of fact.[2] In reviewing the record, we find ample evidence to justify the conclusion that possession was sought in good faith.

Defendant was a tenant from month to month. She contends that the required 30-day notice to quit did not expire on the day of the month from which

1. Code 1940, Supp. VII, 45–1605 (b) (4).

2. McMahon v. Weiner, D.C.Mun.App., 67 A.2d 682 and cases cited therein.

the tenancy began to run and was therefore invalid.[3] Following the reasoning of our decision in Zoby v. Kosmadakes, D.C. Mun.App., 61 A.2d 618, and in Young v. Baugh, D.C.Mun.App., 35 A.2d 242, we take a different view. The tenancy by terms of the written lease commenced on the first day of each month. The notice, which was served on June 26, 1950, ordered the defendant to quit the premises "at the expiration of thirty (30) days after the beginning of your next months tenancy." Since the defendant was given 30 days to quit after the commencement of the new monthly term which began July 1, the count necessarily began on July 2. At midnight July 31, the 30-day period was exhausted and on August 1, the first day of the new monthly tenancy began. The notice thus complied with the statute.

■ Defendant also complains that plaintiff accepted rent after the trial and that this constituted a waiver of the notice to quit. The suit was originally filed August 4, 1950. Thereafter, defendant filed numerous motions in succession and the trial was not completed until November 3. No rent was paid meanwhile. Upon defendant indicating her intention to appeal, a hearing was held on the amount to be fixed as a supersedeas bond which the trial court was entitled to set at an amount covering all intervening damages to the property sought to be recovered and compensation for its use and occupation from the date of the judgment to the date of the satisfaction thereof.[4] With the consent of plaintiff, however, the trial court fixed the amount of appeal bond at only $50 "provided that defendant pays all rent in arrears and continues to pay rent as due until final determination of the appeal. Acceptance of rent by plaintiff will waive no rights that he may have." Under such circumstances we consider that defendant is estopped from raising this point and that it would constitute a plain

denial of justice to construe the notice as having been waived.

Our attention is directed to a recent order of the National Production Authority of the Department of Commerce issued subsequent to the trial of this case which prohibits the commencement of construction of certain buildings, structures and projects involving mainly the amusement field and requires authorization from the Authority for certain other types of construction, including beauty shops.[5] Section 71.5 (b) of this order exempts from this second class: "Small jobs of new construction or in connection with any such building, structure or project including, but not limited to, alterations, additions, improvements and modernizations where the construction cost of all such work shall not exceed the sum of $5000 for any consecutive twelve months' period."

■ Plaintiff plans to remodel the entire building. The second floor is to be used exclusively for living quarters, the first floor for commercial purposes. The cost of this work, estimated at the trial, was to include both floors. But even assuming that the entire work could be considered as one project, that it was within the purview of the National Production Authority's order, and that it was not within the $5000 "small job" exemption, yet the burden was not on the plaintiff, either here or at the trial (if the order had been issued at that time) to prove that he could obtain the necessary authorization from the Authority. The type of construction proposed was not within the prohibited class; at most it required a permit. The provisions of the Rent Act only require that he seek possession in good faith to substantially alter and remodel the property and that his plans have been filed with and approved by the Commissioners.[6] It is apparent that these requirements have been satisfied. In the absence of a showing of complete inability

3. Code 1940, 45–902 requires a landlord in terminating a month to month tenancy to give a 30-day notice to quit in writing which must expire on the day of the month from which the tenancy begins to run.

4. Municipal Court rule No. 60.

5. NPA Order M–4, as amended January 13, 1951, 16 Fed.Reg. 459 (1951).

6. Code 1940, Supp. VII, 45–1605 (b) (4).

of plaintiff to remodel under this new order, we do not think his claim for possession can be defeated.[7]

Defendant has made many other assignments of error. In consequence we have examined the entire stenographic record with care. We have concluded that defendant received a fair trial, that no errors were committed by the trial court and that the evidence amply supports the verdict.

Affirmed.

---

7. Carow v. Bishop, D.C.Mun.App., 50 A.2d 598; Klein v. Hilton, D.C.Mun.App., 40 A.2d 77.