**OURISMAN CHEVROLET, Inc. v. ZIM-MELMAN.**

**No. 1265.**

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 8, 1952.

Decided Oct. 14, 1952.

Rehearing Denied Oct. 24, 1952.

Gilbert Hahn, Jr., Washington, D. C., for appellant.

Herman Miller, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

A landlord, Ourisman, Chevrolet, appeals from a judgment rendered in favor of its tenant, Zimmelman, in a suit for possession of commercial property. Zimmelman became a month to month tenant of a parking lot belonging to Ourisman, under an agreement which provided that the tenancy was to commence "on the 15th day of January, 1952 * * * the first payment to be made on the 15th day of January, 1952 and a like sum on the 15th day of each and every month thereafter."

It was testified at the trial that after the execution of the lease one Frech, plaintiff's office manager, suggested to the tenant that it would be more convenient if the rent could be received on the first day of each month rather than on the fifteenth. To this defendant agreed and when he took possession on January 15, he paid one-half of the agreed monthly rental. Thereafter he paid a full month's rent on the first of each month.

Plaintiff gave a written 30-day notice to quit dated March 6 which defendant admitted receiving on about March 9. The notice was made to expire "on or before April 15, 1952." (No rent was accepted after the giving of the notice.)

When defendant refused to surrender possession this action was brought. At the close of all the evidence both parties moved for a directed verdict. Both motions were overruled and the case was submitted to the jury, the judge instructing them in part: "The important question in issue to be settled is whether or not the *rent day* was changed by agreement from the 15th of the month to the 1st of the month. If it was changed to the 1st of the month, then this notice to vacate on the 15th would be ineffective, and of course it is a question for you to determine. It would be ineffective because the notice to quit must expire on the *rent day*. If the *rent day* is the 1st of the month rather than the 15th, then this notice in this case would be ineffective and you would have

to return a verdict for the defendant. If it is effective, if the *rent day* still stood as the 15th, then your verdict would have to be for the Plaintiff to recover possession."[1] The jury found for defendant. In appealing from judgment which followed, plaintiff contends that he was entitled to a favorable ruling as a matter of law.

Our decision must turn on the question whether a parol change in the date for payment of rent effected a change in the date which the parties had theretofore designated as the commencing date of a monthly tenancy, for the purpose of testing the validity of a notice to quit.

Our Code provides, "A tenancy from month to month * * * may be terminated by a thirty days' notice in writing from the landlord to the tenant to quit * * * said notice to expire * * * on the *day of the month from which such tenancy commenced to run.*" Code 1951, § 45–902.[2]

■ There is no question that the parties agreed that defendant would pay his rent on the first of each month instead of the fifteenth, as first agreed in writing. In the instruction above quoted the trial judge ruled in effect that the date from which the tenancy commenced to run is by operation of law the rental date. But the Code does not say that, inferentially or otherwise; neither does any decision we have been able to find. It is probably true that in month to month lettings the rental payment date will often, or even usually, correspond with the date from which the tenancy commenced to run, but it by no means follows that the two must always coincide. Quite frequently such agreements provide that rent is to be paid quarterly, or even semiannually or annually. Could it in such situations be contended that a notice to quit would only be valid if it were made to terminate on one of those "rent days?"

■ We know of no rule of law which requires that the parties may not provide that rent is to be received on a day different and separate from that on which the tenancy commences to run. Counsel for defendant admits that there is no prohibition against changing one of the terms of a lease and permitting the granted estate to remain in its original form. We have no doubt that one of the terms which may be changed is the date on which the rent is to be paid. As one court has said in dealing with a lease for an indefinite time which called for monthly rent but under which the rent had in fact several times been paid several months in advance, "without anything being said as to a change in the original tenancy * * * such acts [accepting rent for several months in advance] do not, as a matter of law, effect a change therein." London & San Francisco Bank v. Curtis, 27 Wash. 656, 68 P. 329, 330. See also Auto Parts v. Jack Smith Beverages, 309 Mich. 735, 16 N.W.2d 141, and Wilson v. People's Gas Co., 75 Kan. 499, 89 P. 897, for authority that a change in the *manner* of payment does not effect a change in the estate granted, in the absence of an intent so to do.[3] Similarly we see no reason for holding that a mere change in the *date* of rent payments would work a change in the date specified in the lease as the actual commencement date of the tenancy.

■ In this case it is conceded that the parties neither attempted nor intended to change any other provision. And where notices to quit have been challenged we have looked to see whether they expired not on a "rent day," but, in the language of the statute, "on the day of the month from which such tenancy commenced to run."[4] In this case, that day was incontrovertibly the fifteenth of the month, and not the first. We therefore rule that the change

1. Emphasis supplied.

2. Emphasis supplied.

3. That the intent of the parties is usually the governing feature of lease contracts, see 1 Tiffany, Landlord and Tenant, sec. 172 (1910).

4. Zoby v. Kosmadakes, D.C.Mun.App., 61 A.2d 618, 620; Wynn v. Washington, D. C.Mun.App., 53 A.2d 275; Knowles v. Mosher, D.C.Mun.App., 45 A.2d 755; Young v. Baugh, D.C.Mun.App., 35 A.2d 242; Klein v. Miles, D.C.Mun.App., 35 A.2d 243.

in the rent date did not as a matter of law affect the date from which the tenancy commenced to run and that there was no evidence from which it could be found that the parties *intended* to affect the day from which the tenancy commenced to run, assuming they could change that by parol. It follows that the trial judge should have directed a verdict for the plaintiff.

Reversed.