CAVALIER APARTMENTS CORPORA-
TION, Appellant,

v.

Marian McMULLEN, Appellee.

No. 2387.

Municipal Court of Appeals for the
District of Columbia.

Argued May 11, 1959.

Decided Aug. 6, 1959.

Robert C. Handwerk, Washington, D. C.,
for appellant.

Theodore J. Prahinski, Washington, D.
C., for appellee.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

The only question here is whether appellee was a tenant from month to month in which case her tenancy was terminable by thirty days' notice in writing to expire on the day of the month from which the tenancy commenced to run;[1] or was appellee a tenant by sufferance, in which case her tenancy was terminable at any time by notice in writing of her intention to quit on the thirtieth day after date of service of notice.[2]

It was stipulated that appellee rented the premises "under an oral tenancy from month to month." Our statute provides that "all verbal hireings [sic] by the month * * * shall be deemed estates by sufferance."[3] The mere reading of the statute would appear to make clear that appellee was a tenant by sufferance, but appellant argues: "It is fundamental real estate law that there can be no tenancy at sufferance unless there has been a holding over from a prior existing tenancy." This may be a correct statement of the common law, but we have pointed out on several occasions that our statutory tenancy by sufferance is entirely different from the common-law tenancy by sufferance.[4] Our stat-

---

1. Code 1951, § 45–902.
2. Code 1951, § 45–904.

3. Code 1951, § 45–820.
4. Hampton v. Mott Motors, Inc., D.C.Mun. App., 32 A.2d 247; Keroes v. West-

utes have declared that certain tenancies are tenancies by sufferance and have provided the manner of terminating such tenancies. The statutes are controlling.[5] The trial court correctly held appellee to be a tenant by sufferance.[6]

Affirmed.

chester Apartments, Inc., D.C.Mun.App., 36 A.2d 263.

5. Morse v. Brainerd, 42 App.D.C. 448.

6. Sandler v. Wertlieb, D.C.Mun.App., 60 A. 2d 222.