Norment CUSTIS, Appellant,

v.

Sam KLEIN, Appellee.

No. 2927.

Municipal Court of Appeals for the
District of Columbia.

Argued Nov. 27, 1961.

Decided Jan. 18, 1962.

Norment Custis, appellant, pro se.

Herman Miller, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

HOOD, Associate Judge.

Appellant landlord sued appellee tenant for possession of certain commercial property. At the close of the landlord's opening statement to the jury, the trial court directed a verdict for the tenant. The landlord appeals.

Prior to the opening statement counsel for landlord had shown the court a number of exhibits, including the notice to quit and several letters written by the landlord to the tenant. In his opening statement counsel stated that proof would be offered that the tenant occupied the premises as a tenant under lease from a former owner, that the tenancy was from month to month with the rent due on the first day of each month; that the landlord and tenant had agreed upon May 1, 1961, "as a date to transfer possession," and the landlord had thereafter given notice to quit by registered mail to the tenant at an address other than the premises in question; that a return receipt signed in the tenant's name by another person was received; that thereafter the tenant had acknowledged to the landlord that May 1 was "an acceptable date," but that the parties disagreed as to the price to be paid by the landlord to the tenant for certain furniture on the premises; that the tenant did not vacate the premises but con-

tinued in possession and each month tendered rent checks which the landlord refused to accept.

■ The trial court, in directing a verdict, ruled that the notice to quit was invalid, and the correctness of that ruling is the principal issue here.

The notice to quit advised the tenant that his lease was terminated, and notified him "to quit the premises on or before Sunday, April 30, 1961." As the tenancy was from month to month and commenced on the first day of the month, the tenant was entitled to possession for the full month of April and could not be required to vacate within that month. The notice was defective in that it called on the tenant to vacate on April 30. Young v. Baugh, D.C.Mun.App., 35 A.2d 242; Klein v. Miles, D.C.Mun. App., 35 A.2d 243. For a full discussion of our statutory method of terminating a month to month tenancy, see Zoby v. Kosmadakes, D.C.Mun.App., 61 A.2d 618.

■ The landlord argues that even if his notice was defective in demanding that the tenant vacate on April 30, nevertheless the tenant is estopped to question its validity because the tenant agreed, both before and after the giving of the notice, that May 1 was an acceptable date for the expiration of the notice to quit. If such agreement was made prior to giving notice, then the landlord breached that agreement by demanding possession on or before April 30. If the agreement was made after notice was given, such agreement would not give validity to the invalid notice, and there was no showing of any facts on which to base an estoppel. Furthermore, it would seem that May 1 was "acceptable" to the tenant only if he and the landlord could agree upon a price for the tenant's furniture, and this agreement was never reached.

■ The trial court also ruled that the notice was invalid because not served in accordance with Code Section 11–736. In view of our ruling above, we need not pass upon this point, other than to observe that

Code Section 11–736 relates to service of process in a landlord and tenant action. Service of notice to quit is regulated by Code Section 45–906, and the same exactness is not required in the serving of a notice to quit as in the serving of a summons. Craig v. Heil, D.C.Mun.App., 47 A.2d 871, citing Hardebeck v. Hamilton, 50 App. D.C. 113, 268 F. 703.

Affirmed.